Chicago & Eastern Illinois R. Co. v. Kneirim, Administratrix, etc.

1. *Fellow-Servants*—A yard switchman, employed by a railroad company to assist in switching cars, his duties being to couple and uncouple cars and to manage the brakes upon cars which were being switched in distributing cars about the yard, and the car inspector, are not fellow-servants within the rule as laid down in this State.

2. *Instructions—Refusal to Give on Questions Not Arising in the Case.* —It is not error to refuse an instruction upon a question which does not arise in the case.

3. *Damages $5,000 Not Excessive.*—When a person thirty-one years old, in good health, his labor furnishing the only means of support for his wife and three children, is killed while in the employ of a railroad company under circumstances which entitle his representatives to recover, $5,000 damages are not excessive.

**Memorandum.**—Action for personal injuries. Appeal from a judgment in favor of appellee, rendered by the Circuit Court of Vermilion County; the Hon. FRANCIS M. WRIGHT, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## STATEMENT OF THE CASE BY THE COURT.

On April 1, 1890, George H. Kneirim, appellee's intestate, was killed by being run over by a car of appellant in the yards at Danville Junction. He was a yard switchman employed by appellant to assist in switching cars in the yards. His duties were to couple and uncouple cars, and also to manage the brakes upon the cars which were being switched. About 8 o'clock on the night in question he was engaged with other servants of appellant in distributing cars about the yards. He got upon a section of the train and rode thereon a distance of a block or more, when for some reason he fell off and was run over by the car upon which he was riding. When found, the car which ran over him was without a wheel upon the brake-staff, and the threads of the screw upon which the nut or tap turned were found to be rusty, and at the side of the track, in the ditch, was a brake-wheel. The train, containing the car in question, came to the yards from the south some time that evening, and was inspected by train inspectors employed in the yard by appellant, and who had been so employed for several years, who were well known to the deceased, he having worked in the same yards several years, and having frequently handled cars which had passed their inspection. When last seen prior to the accident, deceased was standing on the alleged defective car beside the brake with his lantern down on the platform. The car was loaded with sand and came from a sand-pit down the road. The plaintiff recovered $5,000.

C. & E. I. R. R. Co. v. Kneirim.

W. H. LYFORD and J. B. MANN, attorneys for appellant.

M. W. THOMPSON and G. W. SALMANS, attorneys for appellee.

OPINION OF THE COURT.

It is first urged that the court erred in not instructing the jury to find for defendant upon the case made by the plaintiff's proof.

We are of opinion there was no such want of evidence as to make it the duty of the court to take the case from the jury.

It is also urged that the court erred in its definition of the term fellow-servants, as found in the third instruction given for the plaintiff and in the fifth for defendant, as modified by the court, and the assumption contained in the fifth for plaintiff that the car inspector was not a fellow-servant with the deceased.

The question as to fellow-servants can arise only as to the relations of the deceased and the car inspector, as it is apparent that the latter is the only person whose negligence (aside from that imputable to the deceased, if any,) is involved.

We are clearly of opinion that they were not fellow-servants within the rule as laid down and understood in this State; that the jury had no warrant in the evidence to find against the plaintiff on that ground, and therefore upon the authority of C. & A. R. R. v. Hoyt, 122 Ill. 369, it is not material to inquire whether the court accurately stated the rule of law on this branch of the case.

In that case the court said: "Assuming, then, that the instruction as asked states the law in relation to fellow-servants accurately, the question arises, was the defendant prejudiced by the refusal of the court to give it. That involves the inquiry whether it is applicable to the facts, or, what is the same thing, does the question whether the plaintiff and the engine driver were fellow-servants, fairly arise in the case."

It would be palpably absurd to reverse the judgment on account of error in the definition of fellow-servants, when this court, upon consideration of the evidence, feels convinced and constrained to hold that there is no question of fellow-servants fairly arising in the case.

It is urged, the plaintiff's fifth instruction is also bad, because it limits the requirement of care on the part of deceased to the time of the accident, citing certain cases where such a limitation was held fatal, as in the Halsey case, 133 Ill. 248, and others like it.

Where, as in the Halsey case, one goes upon the track of a railroad without using care to observe the approach of trains, it is not sufficient that after getting there, the danger then being upon him, he uses all the care possible. In such a case he was not careful in coming upon the track. His fault was in unnecessarily and carelessly taking a position where no amount of care possible for him to exercise would save him.

This case is not analogous. The deceased had no opportunity to ascertain the condition of the brake until he was on the car and until he was about to set it.

Possibly he had time to ascertain the defect before applying his force to the wheel—and possibly not. It was dark and there was but little, if any, time for examination. The care which he was bound to exercise would begin when he got to the brake, and therefore the expression " and that the deceased was using due care and caution for his own safety at the time," was not inapt or inaccurate. We think there was no error in this respect.

It is urged further that the fourth instruction for plaintiff, that if the jury should find for plaintiff, they should assess the damages at whatever sum they " should deem just and reasonable from all the evidence in the case, not exceeding the amount claimed in the declaration," was erroneous because it left the jury free to assess damages arising from sorrow, loss of society, etc., if they thought it just and reasonable to do so.

But, referring to the declaration, the jury would see that

the only claim made therein was for a pecuniary loss by reason of the death of the deceased, who, in his lifetime, earned a certain monthly stipend, which he used and applied to the maintenance and support of his wife and children.

While it is true that in this action nothing can be recovered for *solatium*, yet there is no claim for anything of the sort in the declaration, nor is it so intimated in the instruction which pointedly referred to the declaration. It would have been more satisfactory had the instruction stated distinctly and directly the elements which might be considered by the jury in assessing damages, and if the defendant apprehended the jury would go astray, it would have been very easy to obtain a supplementary instruction so framed as to exclude any mistake in that regard.

The deceased was thirty-one years old, in good health, and his labor furnished the only means of support for his wife and three children. It is not to be supposed that an instruction that the pecuniary loss only could be regarded would have led the jury to assess the damages lower than they did. At any rate, if the defendant chose to leave the matter as it was left by plaintiff's instruction, which, taken in connection with the basis of recovery laid in the declaration, was technically correct, we think no complaint can now be made, in view of the evidence. The damages can not be regarded as excessive.

We find no error of substance and must, therefore, affirm the judgment.