## Ludwig A. D. Gathman v. City of Chicago.

### Gen. No. 12,497.

1. JURY—*how question as to whether fact should be submitted to, determined.* The question is whether there is or is not evidence legally tending to prove the fact affirmed; that is, evidence from which, if credited, it may reasonably be inferred in legal contemplation the fact affirmed exists, laying entirely out of view the effect of all modifying or countervailing evidence.

2. FELLOW-SERVANTS—*who are.* The servants of the same master to be fellow-servants so as to exempt the master from liability on account of injuries sustained by one, resulting from the negligence of the other, must be directly co-operating with each other in a particular business, that is to say, the same line of employment, or their usual duties must bring them into habitual association so that they may exercise a mutual influence upon each other promotive of proper caution.

3. FELLOW-SERVANTS—*how question as to who are, determined.* Whether an employee whose negligence brings about the injury is in the sense set forth in the foregoing paragraph of syllabus a fellow-servant of a co-employee of a common master who is injured, is a question of fact to be left to the jury under proper instructions, unless the evidence is such that all reasonable minds must reach the conclusion that they stand in the said relation.

Action on the case for personal injuries. Error to the Circuit Court of Cook County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed May 21, 1906. Rehearing denied May 31, 1906.

CHARLES J. TRAINOR, for plaintiff in error; WILLIAM E. RAFFERTY, of counsel.

JOHN F. SMULSKI, City Attorney, for defendant in error; EDWARD C. FITCH and ROBERT S. COOK, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

In this cause a jury in the Circuit Court of Cook County were instructed by the trial judge to return a verdict for the defendant after the plaintiff's evidence was closed. As we think that this was error and that the jury should have been allowed without peremptory instruction to pass on the questions involved, and as this will probably bring about another trial in which we wish to prejudge no questions of fact, we feel reserve in discussing the evidence, and shall not do so in any detail.

The plaintiff in error, the plaintiff below, was injured while working for the defendant, the city of Chicago, as a machinist. When injured on January 10, 1901, he was working at the Van Buren street bridge in Chicago, to which bridge he had been sent by his immediate superior to make some measurements. To accomplish the work set him to do it was necessary for him to make one measurement while the bridge was in its normal position, and another after the bridge should have been lifted.

One James O'Connor, a saloon-keeper, was the official bridge tender, appointed by the mayor to attend to the operation of this bridge. He did none of the work himself, but employed other men to do it. There were two such men employed January 10, 1901—one Michael O'Brien in charge of the east side of the bridge, and one McDonald in charge of the west side. One Kennedy had been employed by O'Connor until about January 1, 1901, and then up to and including the day of the accident he had remained about the bridge and would relieve either O'Brien or McDonald, as he was requested to do by them, and for such services he would be paid by either O'Brien or McDonald, as the case might be.

On the day in question, and at the time of the accident,

Kennedy was in the power house on the east side of the bridge playing solitaire. About one o'clock in the afternoon Gathman and a helper named Burke came to the bridge and notified O'Brien that Gathman had been sent to take measurements of the stroke of the arm of the heel-lock of the bridge; that he would have to make one measurement while the bridge was down and one while it was lifted. Gathman told O'Brien that he and Burke would go under the bridge and make the first measurement and when they were ready to have the bridge raised, Burke would call up from below and notify him. O'Brien said " All right," and Gathman and Burke went below to make the measurements.

It is alleged by the plaintiff that Kennedy, without warning and before any signals were given, under the instruction and direction of O'Brien, turned on the electric power which operated the bridge, and that Gathman was badly injured in consequence by the arm and elbow of the heel-lock.

Counsel for plaintiff in error say : " The court at the close of the plaintiff's case instructed the jury to return a verdict for the defendant upon the theory that O'Brien, the operator in charge of the bridge (under whose instruction and direction Kennedy in the power house turned on the power), and Gathman were fellow-servants."

This is an inference. It is not stated in the record why the court gave the instruction. But the inference seems to be a fair one, and we think it is practically so treated in the argument of the defendant in error.

Two rules are appealed to by the defendant in error to justify the action of the court below. Both are stated too strongly for accuracy.

The first is that where the trial court would feel compelled to set aside a verdict for the plaintiff, it is the duty of the court to direct a verdict for the defendant.

Plaintiff in error in effect concedes this rule to be correct, by quoting from Pullman Palace Car Co. v. Laack, 143 Ill. 252, certain language of the court therein used.

Gathman v. City of Chicago.

But the true rule has been often since declared to be stricter, and to be better stated without any reference to setting the verdict aside.  The rule does not contemplate the weighing of evidence.  The only question is whether there is or is not evidence legally tending to prove the fact affirmed; that is, evidence from which, if credited, it may reasonably be inferred in legal contemplation the fact affirmed exists, laying entirely out of view the effect of all modifying or countervailing evidence.  Frazer v. Howe, 106 Ill. 563; Woodman v. Ill. Trust & Savings Bank, 211 Ill. 578, 580.

The second rule relied on by defendant in error is stated in his brief thus:  "If O'Brien and plaintiff in error were servants of a common master, they were fellow-servants."

This unlimited statement is not accurate.  On the contrary:  The generally prevailing rule that all servants of a common master are fellow-servants is rejected in this State, and it is held that when a servant is employed in a department separate and distinct from that of a servant whose negligence caused an injury, the master is liable. Chicago City Ry. Co. v. Leach, 208 Ill. 198, 205.

And again:  The servants of the same master to be co-employees so as to exempt the master from liability on account of injuries sustained by one, resulting from the negligence of the other, must be directly co-operating with each other in a particular business, i. e., the same line of employment, or their usual duties must bring them into habitual association so that they may exercise a mutual influence upon each other promotive of proper caution. Chicago & Alton R. R. Co. v. Hoyt, 122 Ill. 369, 374.

And whether an employee whose negligence brings about the injury is in this sense a fellow-servant of the employee of a common master who is injured, is a question of fact to be left to the jury under the above rules, unless the evidence is such that all reasonable minds must reach the conclusion that they stand in the said relation.  Duffy v. Kivilin, 195 Ill. 630; Missouri M. & Co. v. Dillon, 206 Ill. 145,

154–5; Spring Valley Coal Co. v. Patting, 210 Ill. 342–353; Illinois Third Vein Coal Co. v. Cioni, 215 Ill. 583, 591.

We do not think the case at bar presents that situation. Nor do we think there is any ground for holding that O'Connor was an independent contractor.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*