## ·Victor Soderstrom v. James A. Patten.

### Gen. No. 12,910.

1. ELEVATOR SHAFT—*when evidence tends to establish liability where injury suffered while at work in.* A peremptory instruction for the defendant is erroneous where the evidence tended to show the presence in the shaft of a repairer, an arrangement with the elevator operator by which the elevator was to be kept still until the repairs were completed, the running of the elevator, and the consequent injury, the actionable negligence·consisting in the operation of the elevator under such circumstances and not in the breach of the arrangement in question, the arrangement shown being, however, proof of notice to the operator of the presence of the repairer in the shaft.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed January 7, 1907.

COBURN & CASE, for appellant.

HORTON, BROWN, RICHOLSON & MILLER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court in favor of the appellee—defendant below—in a personal injury suit brought by the appellant against him. The judgment was rendered by the jury under a peremptory instruction of the trial judge, given upon motion of the appellee at the close of the plaintiff's evidence. This motion of appellee was made on the ground that the evidence introduced did not tend to show a liability on the part of the defendant for the injury. This view was evidently adopted by the court below. As we differ from the trial judge and think that the case should be remanded for a trial on its merits, we do not wish to discuss the facts or evidence in detail; nor is it necessary, for the question at issue can be clearly stated without such discussion. It is this: A workman employed to do plaster repairing at the foot of an elevator shaft, and rightfully in said shaft, makes an arrangement with the person employed to run the elevator by the owner of the building, to move the elevator up into the shaft some distance and keep it still until he is notified that the work is completed. The work is to take a few minutes. The elevator is run up as agreed and stopped. Almost immediately, however, it is started again and run up farther by the elevator operator, and the counter-weights come down and injure the workman's arm. Assuming that this is without the workman's negligence, and that the elevator boy's negligence causes the injury, is the man who owns the building and employs the elevator boy liable? Is the negligence of the elevator boy imputable to such employer under the rule of *respondeat superior?*"

Counsel for appellee say something of possible contributory negligence under their theory of the case, but it is evident that the case was not taken from the jury on any theory that such contributory negligence was clearly shown as would warrant that action.

It was so taken upon the proposition urged by appellee here, and to which he cites Jossaers v. Walker, 14 Appellate Division Reports 303 (N. Y.), and Hall v. Poole, 94 Maryland, 171. It is this—that the negligence of the elevator boy was in breaking an agreement which he had not the authority of the defendant, his employer, to make, and which it was without the scope of his employment to make, and that therefore his act was not one for which the employer could be held liable.

With some minor differences in the facts the authorities cited, and especially the Maryland case, are sufficiently in point to control this case if we were obliged or disposed to follow them. They seem to hold that except in the mere matter of actually running the elevator with freight and passengers in it up and down the shaft from story to story, the elevator boy could be guilty of no negligence in the control or handling of it which could be imputed to his employer. We do not agree with the doctrine or reasoning of these cases. The Maryland case leans heavily on the New York Supreme Court case, and concerning this latter we agree with Thompson in his commentaries on the Law of Negligence, 2nd edition, Vol. 1, Sec. 528, that it is "a decision seemingly untenable."

The elevator man was not an automaton, but a reasoning and intelligent being, put in control of the piece of machinery in question, and was therefore impliedly authorized to regulate its motions under extraordinary circumstances and in emergencies, as well as in the ordinary routine. There were not likely to be many of these extraordinary circumstances, it is true, but the rightful presence of a repairer at the bottom of the shaft, whose work would take a few minutes, was such a circumstance.

The negligence of the elevator man did not depend on the promise nor consist in the breaking of it. His negligence was in so running the elevator that it injured a person not a trespasser whom he had reason

to know would be likely to be injured by his so running it. The agreement or arrangement is proof that he had notice of the situation.

We do not care to discuss the matter more fully. We are not prejudging the case or the facts nor foreclosing the defendant. But there is no doubt in our mind that the evidence offered for the plaintiff was sufficient to send the case to the jury.

Nor is authority lacking for the conclusion to which reason leads us.

As inconsistent in principle with the decisions relied on by appellee and in point as supporting the appellant, we refer to Siegel, Cooper & Co. v. Norton, 209 Ill. 201, in our own state; to Donovan v. Gay, 97 Mo. 440, in Missouri, and to Stephens v. Chausse, 15 Canada Supreme Court Reports, in Canada.

If the position of the appellee in this case were well taken, the negligence of a city bridge tender, who ran his bridge on a repairer, to the latter's injury, could not be imputed to the city. This court held that it could in Gathman v. The City of Chicago, 127 Ill. App. 150.

The judgment of the Superior Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*