THE EAST ST. LOUIS CONNECTING RAILWAY COMPANY

v.

CATHARINE DWYER, ADMINISTRATRIX, ETC.

*Master and Servant—Railroads—Negligence of—Personal Injuries—Defective Jack-screw—Instructions.*

1. In personal injury cases, the cause of the death is a fact to be found by the jury; not a presumption of law to be declared by the court.

2. In such case a declaration which charges that plaintiff was injured by the negligence of defendant's servants, without alleging that they are not the plaintiff's fellow-servants, is not sufficient to support a verdict; and the omission to make such allegation is not cured by verdict.

[Opinion filed October 27, 1891.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Messrs. BENNETT & RAMSAY and A. R. TAYLOR, for appellee.

Green, P. J. Appellee, as administratrix of her deceased husband, brought this suit under the statute, to recover damages for his death, alleged to have resulted from the negligence of appellant in furnishing him with a defective jack-screw to use in raising and repairing cars. By reason of its defective condition it is averred the cogs and bolts gave way while deceased was using it to support the weight of a car, and the lever and handle were thus caused to strike him on the head and body, and thereby he was so injured that he died.

The verdict of the jury was for $4,000 damages. Defendant moved for a new trial, which motion was overruled, and then entered its motion in arrest of judgment, which was also overruled. The court rendered judgment for plaintiff for the amount of damages assessed, and thereupon defendant took this appeal.

In the state of the proof disclosed by the record, the jury should have been accurately instructed.

The court erred to the prejudice of defendant in giving the jury the following instructions on behalf of plaintiff:

"1. If the jury find from the evidence that the deceased, James Dwyer, was injured by a wound in the face, and that said wound was the direct cause of producing erysipelas that caused the death of said James Dwyer, then said wound was in law the cause of the death of said James Dwyer."

"3. The court instructs the jury that if the deceased, James Dwyer, was in the employment of the defendant, and if it was a part of his duty under his employment to use the jack-screw mentioned in the evidence in raising and lowering cars or parts thereof, then it was the duty of the defendant and its servant or agent furnishing said appliance to said Dwyer, by defendant's authority, to have used ordinary care to have furnished said Dwyer with an appliance reasonably and ordinarily sufficient and suitable for said Dwyer to use in the discharge of his duty."

By the first instruction the jury were informed, if deceased was injured by a wound that was the direct cause of the disease of which he died, then in law said wound was the

cause of his death. No reference is made to *the instrument*, or *means* whereby he was injured. In this instruction the material averment that the lever of a defective jack-screw inflicted the wound, is entirely ignored. If his injury, and death resulting therefrom, was not so caused, there could be no recovery. Yet, by this instruction, the jury would probably understand that the proof of said material averment was not essential. Furthermore, the cause of death was a conclusion of fact to be found by the jury; not a presumption of law to be declared by the court. By plaintiff's third instruction, the jury were told it was the duty of defendant, and its servant or agent furnishing the jack-screw to deceased by defendant's authority, to have used ordinary care to have furnished him an appliance, reasonably and ordinarily sufficient and suitable for him to use in the discharge of his duty. The evidence did not warrant the giving of this instruction. Scott, the man who brought this jack-screw from the tool house, was not directed or authorized by defendant's servant or agent, to select or use it; but with full knowledge of its defective character, selected it from among others free from defects, for the reason, as he testified, " it was more speedy." If deceased was injured while using it, the wilful negligence of Scott in making such selection and bringing the defective appliance to the place where it was used by deceased, and without orders or direction given him to bring it, brought about the accident. This instruction ought not to have been given.

There is another reason, also, requiring the reversal of this judgment. It is averred in the declaration that the injury to deceased, resulting in his death, was caused by the use of a jack-screw in a defective condition, negligently furnished to him by defendant's agents in such defective condition, but it is not therein averred that these agents were *not* the fellow-servants of deceased. In the case of Joliet Steel Co. v. Shields, 25 N. E. Rep. 569, the court held, that in an action by a servant against his master for personal injuries, a declaration which charges that plaintiff was injured by the negligence of defendant's servants, without alleging that *they*

*were not plaintiff's fellow-servants,* is not sufficient to support a verdict, and the omission to make such allegation is not cured by verdict.   If the rule and principle laid down in that case applies to the case at bar, with the declaration in like condition,· and we perceive no reason to the contrary, the verdict should have been set aside and no judgment thereon ought to have been entered.   For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*