THE STURGEON BAY, ETC. SHIP CANAL AND HARBOR CO.

*v.*

JOHN LEATHAM *et al.*

*Filed at Ottawa November 9, 1896.*

1. CANALS—*construction of charter as to right to charge tolls.* Tolls cannot be collected upon tugs carrying no passengers or freight, but used for the towage of vessels carrying the same, under the charter of a canal company authorizing tolls and charges "upon all boats, vessels, steamboats and other craft used for the transportation of freight and passengers."

2. SAME—*construction of particular words of a canal charter.* The power to impose tolls is not limited to vessels used for the transportation of both passengers and freight at the same time, by the charter of a canal company providing that it may regulate tolls and charges upon all vessels used "for the transportation of freight *and* passengers," as the word "and" has the same meaning as "or."

3. SAME—*power to charge tolls against tugs—when not implied.* The privilege of charging tolls against tugs cannot be implied from the charter of a canal company which does not expressly grant such privilege but grants it as to other vessels.

4. SAME—*power of canal company to charge tolls limited by its charter.* A canal company has not, as owner of the canal, the common law right of owners to exact compensation for the use of their property, but is limited to the rights conferred by its charter.*

*Sturgeon Bay, etc. Harbor Co.* v. *Leatham,* 62 Ill. App. 386, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

*The legislative power to fix tolls, rates or prices is the subject of an extensive note to *Winchester and L. T. R. Co.* v. *Croxton,* (Ky.) 33 L. R. A. 177.

SCHUYLER & KREMER, and HERRICK, ALLEN, BOYESEN & MARTIN, for appellant.

E. A. SHERBURNE, for appellees.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of assumpsit, begun by the appellant, the Sturgeon Bay and Lake Michigan Canal and Harbor Company, against the appellees to recover a certain amount, claimed to be due to appellant for tolls charged to the appellees for the use of said canal in the running over and passing through its waters of certain propellers, schooners, barges and tugs owned by the appellees. The declaration originally contained only the common counts, but it was subsequently amended by the addition of three special counts. The pleas were general issue, *nul tiel* corporation, and the Statute of Limitations, to the latter of which replications were filed. A jury was waived, and the cause was submitted by agreement for trial before the court without a jury. The amount, claimed by the appellant to be due to it from appellees for tolls charged to them for the use of the canal by their vessels and tugs, was $3460.63. Of this amount $3044.67 represented toll charges for the use of the canal by tugs operated by appellees for the purpose of towing vessels; and $415.96 represented toll charges against vessels, belonging to appellees, engaged in the business of carrying freight or passengers, and not operated merely for towing purposes. The trial court disallowed the sum of $3044.67, and rendered judgment in favor of appellant for only $415.96, holding that, under its charter, the appellant was not authorized to charge tolls for the use of the canal by the tugs belonging to the appellees. From this judgment, as being too small, the appellant took an appeal to the Appellate Court, where the judgment of the circuit court was affirmed; and appellant prosecutes

its further appeal to this court from such judgment of affirmance.

The only question, which we deem it necessary to consider, is whether the appellant company had the power, under its charter, to charge tolls for the use of the canal by tugs engaged exclusively in the business of towing vessels. If it had no such power, then the items making up the sum of $3044.67 were properly disallowed, and the judgments of the lower courts were correct.

To determine the question involved it is necessary to give a construction to a part of one of the sections of the appellant's charter. The appellant is a corporation, organized under an act of the legislature of the State of Wisconsin, approved April 2, 1864, and entitled "An act to incorporate the Sturgeon Bay and Lake Michigan Canal and Harbor Company."

This act was introduced in evidence. Section 7, and so much of section 8 of the act as it is necessary to quote here, are as follows:

"Sec. 7. The said company shall have power to locate, construct and build a canal of such width, depth and dimensions as they shall deem proper and expedient for all classes of shipping on the lakes, between the head of Sturgeon Bay, in the county of Door, and Lake Michigan, so as to connect the waters of said bay with said lake, and to construct a breakwater and harbor on the lake shore at the mouth of said canal, and to dredge and improve the said bay, so as to make a convenient and safe anchorage and harbor in said Sturgeon Bay.

"Sec. 8. The directors shall have power to regulate tolls and charges upon all boats, vessels, steamboats and other craft used for the transportation of freight and passengers on and along the canal of said company, and for the use of any steam tugs owned by said company, and to make such covenants, contracts and agreements with any person or persons, co-partnership or corporation whatever, as the execution and management of the business

164—16

and the convenience and interests of the company may require; to make and establish such by-laws, rules, regulations and orders, not inconsistent with the constitution and laws of the United States or of this State, as they shall think proper for the well ordering of the affairs of the company."

It is assigned as error by appellant, that the trial court held as law in the decision of the case the following proposition:

"That under the provisions of the act of the legislature of the State of Wisconsin under which the plaintiff is incorporated, the plaintiff was authorized to determine and fix the amount of tolls to be charged for the different classes of vessels named in the charter, navigating the canal, provided such tolls were reasonable, and also held that this class includes steam tugs as well as other vessels, provided said steam tugs were in the carrying trade, but that they were not permitted to charge for steam tugs while towing vessels through the canal or on the return trip after making such towage; that the plaintiff is not entitled to recover from the defendants for tolls upon such steam tugs."

The proposition held as law gave a correct construction to section 8 of the charter. The directors were empowered to regulate tolls and charges upon all boats, vessels, steamboats and other craft, used for the transportation of freight and passengers on and along the canal. The reference here is to boats or vessels used for the purpose of carrying passengers or cargoes of freight. The evidence shows, that the tugs operated by the appellees carried neither passengers nor freight, but were merely engaged in towing vessels having on board passengers or freight, through the canal.

The language of section 8 does not limit the power to regulate tolls and charges to boats and vessels used for the transportation of both passengers and freight at the same time. The reference is to boats and vessels used

for the transportation of either passengers or freight. The meaning is the same as though the qualifying words were repeated before the word, "passengers," that is to say, as though the clause read: "boats, etc., used for the transportation of freight, and boats, etc., used for the transportation of passengers." The word, "and," here has the meaning of "or." "It is often used interchangeably with *or*, the meaning being determined by the context." (1 Am. & Eng. Ency. of Law, p. 569, and cases in note 2).

It is contended, that the act should receive a liberal construction, and that, if it is liberally construed, the power to regulate tolls and charges upon tugs used for the towing of vessels and not used for the transportation of freight and passengers, may be implied from the language of section 8. The privilege of charging tolls against tugs is not expressly granted by section 8, and, therefore, upon well settled principles, such grant cannot be implied. Where a canal is made pursuant to a legislative act, the right of the proprietors to toll is derived entirely from the act, and is to be considered as if there was a bargain between them and the public, the terms of which are expressed in the statute; and the rule of construction is, that any ambiguity in the terms of the contract must operate against the company and in favor of the public; so that the proprietors can claim nothing which is not clearly given to them by the act. If one construction of a provision in the act, which grants the privilege of exacting tolls under certain conditions or with certain limitations, is in favor of the company and against the public, and another construction is in favor of the public and against the company, the latter will prevail. (*Canal Co.* v. *Wheeley*, 2 Barn. & Adolph. 333).

The doctrine of the *Wheeley case* was endorsed by the Supreme Court of the United States in *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420, and was referred to as a fair case for such an equitable construction of the charter as would give to the canal company, by implication, a right

to the tolls they demanded if a construction of that kind were allowable, and yet as a case, which held that "the right to exact toll could not be implied, because such a privilege was not found in the charter." If the reasoning of the *Warren Bridge case* be applied to the case at bar, the right to charge toll against tugs towing vessels through the canal cannot be implied from the language of section 8, because such right is not there expressly granted.

In the later case of *Perrine* v. *Canal Co.* 9 How. 172, it was held that, where the charter of a canal company authorized it to impose toll upon enumerated articles on board of a vessel passing through the canal, it had no power to demand toll from passengers passing through, or from vessels carrying passengers, the court saying: "A corporation created by statute is a mere creature of the law and can exercise no powers except those which the law confers upon it, or which are incident to its existence. And as no power is given to this corporation to demand toll from passengers, or from vessels on account of the passengers on board, it is very clear that no such power can be exercised, and no such toll lawfully taken."

Appellant's counsel insist, that the appellant company is the owner of the canal, and has the common law right of any owner to exact a compensation for the use of what belongs to it. This doctrine is not applicable here. The appellant corporation has no rights of property except those conferred by its charter, and can only exercise such rights of property as are necessary to effectuate the objects for which the legislature created it. "Whether it may lawfully demand compensation from a person whom it permits to pass over its property must depend upon the language of its charter, and not upon the rules of the common law." (*Perrine* v. *Canal Co. supra*).

The judgments of the Appellate and circuit courts are affirmed.                                      *Judgment affirmed.*