## Chicago & Alton Railroad Company v. Walter R. Swan.

· 1,  PLEADING—*Defects Cured by Verdict.*—A defective statement of a good cause of action is cured by verdict.  Libby v. Scherman, 146 Ill. 540, followed.

2.  FELLOW-SERVANTS—*The Rule Stated.*—If one servant is injured by the negligence of another, where they are directly co-operating in the same line of employment, or their duties are such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable.

3.  SAME—*Must be Able to Exercise an Influence Over Each Other.*—It is not sufficient to constitute servants of a common master fellow-servants, within the rule exempting the master from liability, that at the time of an injury they were co-operating in some particular business in hand; it is also necessary that the circumstances be such that they may exercise an influence over each other promotive of proper caution.

4.  DAMAGES—*$14,000 Held Not Excessive.*—Under the circumstances of this case, as disclosed by the evidence for the appellee, the court hold a judgment for $14,000 for personal injuries is not excessive.

**Trespass on the Case,** for personal injuries.  Appeal from the Circuit Court of Cook County; the Hon, FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1897.  Affirmed.  Opinion filed June 14, 1897.

MONROE & THORNTON, attorneys for appellant; WILLIAM BROWN, of counsel.

The limitations imposed do not apply if, at the time of the injury of one servant by another, such servants are

either: (1) associated in the performance of their duties, or (2) their employment requires co-operation, or (3) brings them together, or (4) brings them into such relations that they can exercise influence upon each other promotive of proper caution. Chicago & N. W. Ry. Co. v. Moranda, 108 Ill. 576; Leeper v. T. H. & I. R. R. Co., 162 Ill. 215; Louisville, E. & St. L. Rd. Co. v. Hawthorne, 147 Ill. 226; Chicago & A. R. R. Co. v. Kelly, 127 Ill. 637.

The limitations are always separated by the disjunctive " or," not connected by the conjunction " and."

Servants of a common master will- be fellow-servants, within the rule which prohibits recovery from that master by one servant for an injury occasioned by the negligence of the other servant, either (1) if, at the time of the injury, they are co operating in some particular business in hand, or (2) if they are brought by their usual duties into habitual association, so that they may exercise an influence over each other promotive of proper caution. Chicago & N. W. Ry. Co. v. Moranda, 93 Ill. 302; Same v. Same, 108 Ill. 576; Same v. Snyder, 117 Ill. 376; Same v. Same, 128 Ill. 655; Chicago & A. Rd. Co. v. Hoyt, 122 Ill. 369; Chicago & E. I. R. R. Co. v. Kneirim, 152 Ill. 458.

F. H. TRUDE, attorney for appellee; DENNIS & RIGBY, of counsel.

The declaration was perfectly good. L. E. & St. L. R. R. Co. v. Hawthorne, 147 Ill. 226, 233; Taylor v. Felsing, 164 Ill. 331.

But even if it was defective, it was cured by the verdict and judgment below. Stephen on Pleading, 3d Am. Ed., 163; Helmuth v. Bell, 150 Ill. 263.

The plaintiff, baggageman, and the engineer were not, as a matter of law, fellow-servants within the rule of this State. Whether they were fellows, or not, was a question for the jury. Chicago & A. R. R. v. O'Brien, 155 Ill. 630; L. E. & St. L. R. R. Co. v. Hawthorne, 147 Ill. 226, 31; R. R. v. Dwyer, 162 Ill. 482.

And was correctly decided by them, under the facts of

this case. That servants are employed in the same department does not necessarily constitute them fellow-servants. Chicago & A. R. R. v. O'Brien, 155 Ill. 630.

Nor that they are engaged in the promotion of the same enterprise for a common master. L. E. & St. L. R. R. Co. v. Hawthorne, 147 Ill. 226, 230.

The plaintiff, as baggageman, was not directly co-operating with the train crew proper in the actual running of the train. Though employed on the train, his service was of a different kind or class from theirs, not necessarily bringing him into habitual consociation with them. He was not, as a matter of fact, within the rule.

The rule stated. Chicago & N. W. Ry. Co. v. Moranda, 93 Ill. 302; Same v. Same, 108 Ill. 576; L. E. & St. L. R. R. Co. v. Hawthorne, 147 Ill. 226; Rolling Mill Co. v. Johnson, 114 Ill. 57, 64; Chicago & A. R. R. Co. v. O'Brien, 155 Ill. 630.

Mr. Justice Gary delivered the opinion of the Court.

The appellee was baggageman in the service of the appellant on a passenger train, and was injured by what " for the sake of argument " the brief of the appellant concedes was the negligence of the engineer on the locomotive of that train.

The first point relied upon by the appellant is that the declaration is bad, as it shows that the baggageman was injured by the negligence of the engineer of the same train, both of them in the service of the appellant, and does not aver that they were not fellow-servants; citing Joliet Steel Co. v. Shields, 134 Ill. 209, and E. St. L. C. Ry. v. Dwyer, 41 Ill. App. 522. The latter case is avowedly based upon the former, and the authority of the former is much diminished by what is said of it in Libby v. Scherman, 146 Ill. 540. It is there held that the lack of the averment, if a defect, is cured by verdict.

The main point of the appellant is that the baggageman and engineer are in law fellow-servants, because they co-operate in the transportation of the passengers and their baggage. Abend v. T. H. & I. R. R., 111 Ill. 202.

On the point under consideration the authority of that case is destroyed by what is said of it in Mobile & Ohio R. R. v. Massey, 152 Ill. 144, which we need not quote.

" The rule in this State is, that where one servant is injured by the negligence of another servant, where they are directly co-operating with each other in a particular business in the same line of employment, or their duties being such as to bring them into habitual association, so that they may exercise a mutual influence upon each other, promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable. Chicago & Northwestern Railroad Co. v. Moranda, 93 Ill. 302; Stafford v. Chicago, Burlington & Quincy Railroad Co., 114 Id. 244; Chicago & Eastern Illinois Railroad Co. v. Geary, 110 Id. 383; North Chicago Rolling Mill Co. v. Johnson, 114 Id. 57; Chicago & Northwestern Railway Co. v. Snyder, 117 Id. 376; Same, 128 Id. 655; Chicago & Alton Railroad Co. v. Hoyt, 122 Id. 369; Chicago & Northwestern Railway Co. v. Moranda, 108 Id. 576; Chicago & Alton Railroad Co. v. Kelly, 127 Id. 637; Joliet Steel Co. v. Shields, 134 Id. 209." C. & E. R. R. v. Kneirim, 152 Ill. 458.

The rule as thus settled is based upon a reason; a reason stated in Rolling Mill v. Johnson, 114 Ill. 57, thus:

" The idea is, that the relations between the servants must be such that each, as to the other, by the exercise of ordinary caution, can either prevent or remedy the negligent acts of the other, or protect himself against its consequences."

In the original formulation of the rule, C. & N. W. R. R. v. Moranda, 93 Ill. 302, the " power to incite each other to caution by counsel, exhortation or example, or by reporting delinquencies to the master," was, in argument, treated as essential to the existence of the relation of fellow-servants.

And in C. & A. R. R. v. Hoyt, 122 Ill. 369, the reason is expressed thus.

" What is meant is, if the parties continue to be engaged in a common service, they will be habitually associated, so

that they may exercise an influence over each other promotive of common safety."

The appellant, after laboriously analyzing a great many, if not all, the cases bearing upon the subject, comes to this conclusion :

" Servants of the same master will be fellow-servants within this rule, either :

1.   If at the time of the injury they are co-operating in some particular business in hand, or

2.   If they are brought by their usual duties into habitual association, so that they may exercise an influence over each other promotive of proper caution."

Thus the words " so that," which express a condition— Co. Lit., Sec. 329, cited in White v. Naerup, 57 Ill. App. 114— are limited to " habitual association," and excluded from application to servants " co-operating."     We do not so understand the rule.   Such a construction is contrary to the reason upon which the rule is based, namely, that the servant has in his power means for his own protection.

Nor is such construction the one that would be given to the words of the rule as expressed in 152 Ill. if they were words of contract or statute.   Rice v. John A. Tolman Co., 50 Ill. App. 516; S. C., title reversed, 164 Ill. 255; Sturgeon Bay Co. v. Leatham, 62 Ill. App. 386; S. C., 164 Ill. 239.

In adhering to what we have hitherto understood to be the construction of the rule, we do not overlook what is said in C. & E. I. R. R. v. Kneirim, 152 Ill. 458, in commenting upon instructions there under consideration, nor the quotation with apparent approval in Leeper v. T. H. & I. R. R., 162 Ill. 215, from C. & A. R. R. v. Murphy, 53 Ill. 336, and we are not able to reconcile this opinion therewith; but in the first of those cases the question was not vital, and in the second the court was construing a finding of facts by the Appellate Court of the Fourth District, which in terms was that the relation between the negligent servant and the servant injured " was such as to promote caution for the safety of each other."

It is insisted that the damages, $14,000, are excessive; not, however, if the testimony on the part of the appellee

be true.  He was thirty-four years old, salary $58 per month, in perfect health, has not been able to walk since, and suffers constant pain.

The medical testimony on his side corroborated his own as to his condition, and held out no hope of his recovery, but on the contrary indicated that the injury would accelerate his death.

The medical testimony on the part of the appellant is in conflict with the other.  Which is most to be relied upon, we have no means to know.

A very plausible argument against the amount is based upon the refusal of appellee to submit to further examinations by medical men on behalf of the appellant.  But if we were to say that because of such refusal, the damages are excessive, it would be in effect to say, not that the damages are not justified by the evidence, but that part of them should be forfeited as a punishment for such refusal.

On the whole case there is no error unless it be held that in law the engineer and the appellee were fellow-servants for the reason that they were co-operating as servants of the appellant in transporting passengers with their baggage.

If that be the law, the question will be before the Supreme Court on the refused instruction to find for the defendant.  The judgment is affirmed.

MR. JUSTICE WATERMAN.

I speak for the whole court in saying that the counsel for appellant is entitled to great credit for the careful analysis he has presented of the decisions in this State concerning whom are to be regarded as fellow-servants.