## George Pagels v. Anton Meyer.

1. MASTER AND SERVANT—*When Master is Liable for Injuries to Servant.*—Where the servant is injured while obeying the orders of his master to perform work in a dangerous manner, the master is liable, unless the danger is so imminent that a man of ordinary prudence would not incur it.

2. SAME—*When Master Orders Servant to Dangerous Work.*—The master is liable to a servant when he orders him to perform a dangerous work, unless the danger is so imminent that no man of ordinary prudence would incur it.

3. SAME—*Relation of.*—The master and servant are not altogether upon a footing of equality. The primary duty of the servant is obedi-

ence, and he can not be charged with negligence in obeying an order of the master unless he acts recklessly in so obeying. Whether he acted thus recklessly in obeying his master's order, or whether he acted as a reasonably prudent person should act, are questions of fact to be determined by the jury.

4. SAME—*Question of Servant's Reckless Obedience, One for the Jury.*—Even if the injured party knew that to do the work at the place and under the circumstances was dangerous, the question as to whether he recklessly obeyed the master's order or acted as a reasonably prudent person would do, is for the jury to determine.

5. SAME—*Employment of Inexperienced and Incompetent Help, a Question of Fact for the Jury.*—As to whether the master employed inexperienced and incompetent help to assist the servant in doing his work, or by the exercise of reasonable diligence should have known that the help so employed was inexperienced and incompetent, are questions for the jury.

6. FELLOW-SERVANTS—*Who Are.*—To constitute fellow-servants they must either directly co-operate in the particular business so that they may exercise an influence upon each other promotive of proper caution, or their duties must be such as to bring them into habitual association so that they may exercise such influence upon each other.

7. INSTRUCTIONS—*Erroneous Definition of Fellow-Servants.*—An instruction which is liable to the construction that in order to be fellow-servants it is only necessary that they co-operate in the particular business in hand. without their duties being such as to promote proper caution, is erroneous.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed March 26, 1900.

AMERICUS B. MELVILLE and FRANK J. CANTY, attorneys for appellant.

BRANDT & HOFFMANN, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, Meyer, an experienced sawyer, was on October 13, 1897, injured in the workshop or factory of appellant while employed therein, by having the four fingers and knuckles of his right hand cut off by a rip-saw at which he was engaged in preparing certain timbers or planks to be made, by gluing the pieces together, into certain turned posts.

Pagels v. Meyer.

He brought an action against appellant, his employer, for damages, and on a trial before the Superior Court and a jury, recovered a verdict and judgment thereon of $5,000, from which this appeal is taken.

Counsel for appellant contend, first, that the trial court should have taken the case from the jury for the reason that Meyer assumed the risk of his employment; and second, that the court erred in refusing to give certain instructions on the subjects of inexperienced and incompetent servant and fellow-servant.

The declaration is composed of eleven counts which take up thirty-three pages of the abstract, and as it seems to us, presents a most remarkable illustration of needless prolixity in pleading. The essential charges of negligence in the declaration, in so far as there is any proof to sustain them, are, first, that the defendant failed to furnish the plaintiff with a reasonably safe place in which to do his work and reasonably safe appliances; second, that defendant's foreman ordered the plaintiff to do his work in a dangerous way, when the latter was proceeding at his work in another and safer way; third, that defendant knowingly employed inexperienced and incompetent help to assist plaintiff in doing his work, or by the exercise of reasonable diligence should have known that the help so employed was inexperienced and incompetent; and, fourth, that defendant's foreman hurried plaintiff in the performance of a dangerous work.

There is no material conflict in the evidence as to the second and fourth of these charges. We think that it is clearly shown by the evidence that defendant's foreman, after having directed plaintiff as to the particular piece of work he was to do and plaintiff had proceeded to prepare the material and appliances necessary and proper to do the work in a proper and reasonably safe way, ordered him to arrange the material and appliances in another and different way in order to save time, which latter way was more dangerous. We think the jury were justified from all the evidence in finding that this order of the foreman to plaintiff was negligent and that it directly contributed to the injury.

It also clearly appears from a preponderance of the evidence that the work which plaintiff was ordered to do, in the manner in which he was directed to do it by the foreman, was both difficult and dangerous, and that plaintiff was hurried by the foreman to complete the work, and there is no showing in the evidence that there was any particular demand or exigency of defendant's business which necessitated that plaintiff should have been hurried in so dangerous and difficult a work. We think the jury were justified from the evidence in finding that the defendant's foreman was negligent in this regard and that such negligence directly contributed to plaintiff's injury.

It appears from the evidence that in carrying out the order of the foreman to prepare the timbers or planks to make the turned posts, it was necessary for the plaintiff to use a mitre box and certain boards or pieces of timber, in order to support and steady the pieces of timber or planks which were to be sawed by plaintiff in order to properly prepare them for the posts. For the purpose of showing and illustrating to the jury and the court the exact manner in which this box and the planks and timbers were used in doing the work in the manner in which plaintiff was proceeding to do it, as well as the manner in which he was ordered to do it by the foreman, first there was presented to the jury and court, and offered in evidence, a certain model of the mitre box made to a scale of about one-fourth the dimension of the original. The witnesses were examined with the model before them, were asked to and did illustrate to the jury the manner in which the mitre box and timbers were prepared to be used in the first instance by the plaintiff, and as they were actually used by him in doing the work as he was ordered to do it by the foreman. On behalf of the defendant the mitre box itself, which was used by plaintiff, was exhibited to the court and jury and offered in evidence for the same purposes as the model. Neither this model nor mitre box has been made a part of the record in any way, nor exhibited to this court, and we therefore have not the same advantages as the trial court

Pagels v. Meyer.

and jury had in determining just how the work was done by plaintiff and how he proposed to do it, nor as to the relative danger of the different methods; but we are satisfied from a reading of the evidence that the verdict of the jury in the two respects last above mentioned is justified.

In the case of Offut v. Col. Exp'n, 175 Ill. 479, where it appears that a servant suggested that a rope be placed to hang a scaffold in a particular way, and was ordered to do it in a different way by his foreman, the question of the negligence of the foreman, as well as care of the servant, it was held, should have been submitted to the jury, and the court say:

"The rule is, that where the servant is injured while obeying the orders of his master to perform work in a dangerous manner, the master is liable, unless the danger is so imminent that a man of ordinary prudence would not incur it." Citing Ill. Steel Co. v. Schymanowski, 162 Ill. 447; Anderson Pressed Brick Co. v. Sobkowiak, 148 Id. 573; and West Chicago St. R. R. Co. v. Dwyer, 162 Id. 482.

In the Schymanowski case the court say:

"The master is liable to a servant when he orders the latter to perform a dangerous work, unless the danger is so imminent that no man of ordinary prudence would incur it. * * * The master and servant are not altogether upon a footing of equality. The primary duty of the latter is obedience, and he can not be charged with negligence in obeying an order of the master unless he acts recklessly in so obeying. Whether he acted thus recklessly in obeying his master's order, or whether he acted as a reasonably prudent person should act, are questions of fact to be determined by the jury." (Citing numerous cases.) This last case also disposes of the contention of appellant here that plaintiff did not exercise due care.

To like effect are Drop Forge & F. Co. v. Van Dam, 149 Ill. 341, and Colson v. Craver et al., 80 Ill. App. 99.

As to the point that defendant failed to furnish a reasonably safe place and appliances, there is a conflict in the evidence as to whether or not the place where plaintiff was directed to do his work was reasonably safe. In so far as the appliances are concerned, what has been said in connec-

tion with the order of the foreman to plaintiff and the hurrying of him in his work, sufficiently disposes of it, except perhaps as to a minor contention under this heading that plaintiff assumed the risk. This question of assumed risk is also made with regard to the place, in case it should be held not to be reasonably safe.

The evidence tends to show that on the opposite side of the saw-table where plaintiff was ordered to do the work in question, and in the place where plaintiff's helper stood, there were accumulated strips and pieces of wood which came from the timber and planks as they were sawed, upon which the helper was compelled to stand and walk as he assisted at the sawing; that this accumulation of strips and pieces of wood was more or less uneven and difficult to stand or move about upon, and necessarily made it quite difficult for the helper to hold steadily the planks or pieces of timber as they came from the saw from plaintiff, and caused the same to move unsteadily or to "joggle," and thus made plaintiff's work the more dangerous and difficult to perform. On the part of the defendant the evidence in this respect tends to show that the accumulation of the strips and pieces of timber did not cause any inconvenience to the helper, nor make his work or that of the plaintiff any more difficult or dangerous. It also appears that it was the duty of plaintiff, as well as his helper, to remove said accumulated strips and pieces of timber when it became necessary; but also the evidence clearly shows that plaintiff was hurried by the foreman at this particular time to do his work. We can not say from a careful reading of the evidence that a finding by the jury that the place where plaintiff was set to work was not a reasonably safe place, was manifestly against the evidence, and in view of the order of the foreman to hurry with his work we are not prepared to hold that it clearly appears that plaintiff assumed the risk either of place or appliances. We think that was a question of fact proper, under the evidence, for submission to the jury. Even if plaintiff knew that to do his work at the place and under the circumstances was dangerous, the question as to

Pagels v. Meyer.

whether he recklessly obeyed the foreman's order or acted as a reasonably prudent person should do, was for the jury to determine.    Dallemand et al. v. Saalfeldt, Adm'r, 175 Ill. 310; The U. S. C. Co. v. Blindauer, 175 Id. 325; McGregor v. Reid, Murdoch & Co., 178 Id. 464, and Offut case, *supra.*

As to whether the defendant employed inexperienced and incompetent help to assist plaintiff in doing his work, or by the exercise of reasonable diligence should have known that the help so employed was inexperienced and incompetent, were, in our opinion, questions for the jury, on which there is a conflict in the evidence, and we can not say that in this respect the verdict of the jury is clearly against the preponderance of the evidence.

It appears that an experienced sawyer was directed by the foreman to assist plaintiff in his work, and after the two had sawed several pieces of timber, the foreman ordered the experienced helper to do other work in the factory and put in his place a boy named Voght, about seventeen years old, who had never, as he testifies, " done any work like that at mitering before."    It also appears that the plaintiff, although he had worked in different factories as a sawyer for thirteen or fourteen years prior to the accident, " had never done any sawing like that before."    It further appears that as the timbers were put through the saw by the plaintiff and held by Voght, as they came toward him, moved unsteadily and " joggled."    Also that Voght had worked in this factory three or four years prior to the accident, had worked mostly on machines and saws, and had worked on every saw in the place.    Voght testified that the pieces, as he pulled them through, did not " joggle," and that he did not " joggle " them, but he admits that there was an accumulation of waste pieces of timber upon the floor, about a foot deep, and that he walked on top of them while he assisted plaintiff at the saw.    Another of defendant's witnesses, who testified that Voght had been in the habit of helping around the sawyers in the factory and that he did " his work all right," admitted that in order to do the work of assisting plaintiff, it was necessary that the

helper should have " education and experience to learn how to do it."

Appellant's counsel claims that the court erred in refusing his 29th and 30th instructions on the question of fellow-servant, but we think there was no error in this respect. The 29th instruction attempts to define fellow-servants, and says:

"It is essential that they shall be, at the time of the injury, directly co-operating with each other in the particular business in hand, or that their duties shall bring them into habitual association so that they may exercise an influence upon each other promotive of proper caution."

The phrase beginning " so that," etc., is not separated from the words preceding by a comma. This is not a proper definition of fellow-servants. To constitute fellow-servants they must either directly co-operate in the particular business, so that they may exercise an influence upon each other promotive of proper caution, or their duties must be such as to bring them into habitual association, so that they may exercise such influence upon each other. The instruction is liable to the construction that in order to be fellow-servants it is only necessary that they directly co-operate in the particular business in hand, without their duties being such as to promote proper caution. C. & A. R. R. Co. v. Swan, 70 Ill. App. 331, and cases there cited; affirmed in 176 Ill. 427.

The 30th instruction is based upon the definition of fellow-servants as given in the 29th, and was therefore properly refused.

The 32d instruction is based upon the claim that defendant employed inexperienced and incompetent help, and besides being uncertain and complicated in its language, makes the plaintiff's right of recovery depend solely upon that point in the case, without any reference to any other claim of plaintiff to recover by reason of defendant failing to furnish a reasonably safe place to do his work, or reasonably safe appliances, or by reason of the negligent order of the foreman or of the foreman's negligently hurrying the

plaintiff in the performance of a difficult and dangerous work.

It is objected that the plaintiff was allowed to prove that his left arm was not straight, and that this proof necessarily caused the jury to give an excessive verdict. We think that this was not improper, as it showed the physical condition of the plaintiff before his injury and enabled the jury, to some extent, to determine the damage to plaintiff by reason of the loss of the fingers and knuckles of his right hand. It was shown on cross-examination of plaintiff that his left arm was stiff in his elbow, that he could not bend the arm, and that was his condition when he was born. But it also appears that while he could not work with it, he could do his work of sawing with his right hand, and could use his left in holding the timbers or planks. It was expressly stated to the court by counsel for plaintiff, in the presence of the jury, that this evidence was not offered for the purpose of making any claim by reason of the condition of his left arm, but only to show that by reason of the injury that plaintiff was entirely disabled. If plaintiff's left arm had been sound and strong, the damage to him from his injury would probably have been found by the jury to be less, but we think the condition of plaintiff prior to and up to the time of the injury was a proper matter for the consideration of the jury, and that, even if his left arm had been perfectly sound and strong, we can not say that the verdict is excessive. The judgment is therefore affirmed.