# Illinois Official Reports

## Supreme Court

***People v. Tousignant*, 2014 IL 115329**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MITCHELL TOUSIGNANT, Appellee. |
| Docket No. | 115329 |
| Filed | February 21, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a defendant who pled guilty was unsuccessful on his motion for sentence reconsideration after his attorney certified to the court that there had been a Rule 604(d) consultation as to sentencing only, a subsequent appeal was properly remanded for an opportunity for a new hearing based on a certification of consultation as to any defects in the plea itself. |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Livingston County, the Hon. Mark Fellheimer, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Seth Uphoff, State's Attorney, of Pontiac (Michael A. Scodro, Solicitor General, and Michael M. Glick and Brian McLeish, Assistant Attorneys General, of Chicago, and Patrick Delfino and Robert J. Biderman, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People. |
|---|---|
|  | Michael J. Pelletier, State Appellate Defender, Karen Munoz, Deputy Defender, and Nancy L. Vincent, Assistant Deputy Defender, of the Office of the State Appellate Defender, of Springfield, for appellee. |
| Justices | JUSTICE FREEMAN delivered the judgment of the court, with opinion. Chief Justice Garman and Justice Burke concurred in the judgment and opinion. Justice Thomas specially concurred, with opinion. Justice Karmeier dissented, with opinion, joined by Justices Kilbride and Theis. |

## OPINION

¶ 1    Defendant Mitchell Tousignant pleaded guilty to unlawful possession of a controlled substance with intent to deliver and was sentenced to 12 years' imprisonment. Defendant's counsel filed a motion to reconsider the sentence, and the circuit court of Livingston County denied the motion. A divided panel of the appellate court reversed and remanded, holding that counsel's certificate pursuant to Supreme Court Rule 604(d) was not in strict compliance with the rule. 2012 IL App (4th) 120650-U, ¶ 15. We allowed the State's petition for leave to appeal, and now affirm the judgment of the appellate court.

¶ 2                              BACKGROUND

¶ 3    In December 2011 defendant entered an open plea of guilty to unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2010)) (count I) and unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(c)(1) (West 2010)) (count II). The circuit court merged the counts and entered a conviction on count II. In April 2012, the court sentenced defendant to 12 years' imprisonment.

¶ 4        On May 3, 2012, defendant's counsel filed a motion to reconsider the sentence, alleging it was "excessive." On the same day, counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), which stated:

> "NOW COMES [defense counsel], attorney for Defendant herein and states that he has consulted with the Defendant in person to ascertain Defendant's contentions of error in the sentence imposed herein, has examined the trial court file and the Court proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

At the hearing on the motion, defendant asked that his sentence be reduced from 12 years to 7 years so he would be immediately eligible for a drug treatment program. The circuit court denied the motion, and defendant appealed.

¶ 5        The appellate court noted that while counsel's certificate stated that counsel consulted with defendant about defendant's contentions of error in the sentence, it did not state that counsel consulted with defendant about defendant's contentions of error in the guilty plea. "[N]othing shows counsel consulted with defendant to determine contentions of error outside of the motion to reconsider sentence." 2012 IL App (4th) 120650-U, ¶ 13. Concluding that counsel's certificate did not strictly comply with Rule 604(d), the court reversed the circuit court's judgment and remanded for "(1) the filing of a new postplea motion (if defendant so wishes), (2) a new hearing on defendant's postplea motion, and (3) strict compliance with Rule 604(d) requirements." *Id*. ¶ 15. The dissent asserted, to the contrary, that counsel's certificate strictly complied with the plain language of Rule 604(d), which "does not require defense counsel to state it ascertained defendant's contentions from both the entry of the plea and sentencing but, rather, requires counsel to state he or she ascertained contentions from only one of them." *Id*. ¶ 18 (Turner, P.J., dissenting).

¶ 6                                        ANALYSIS

¶ 7        The issue here is whether Rule 604(d) requires counsel to certify that he consulted with the defendant regarding defendant's contentions of error in the sentence *and* the guilty plea, or only regarding contentions of error relevant to the defendant's post-plea motion. Rule 604(d) provides, in pertinent part:

> "(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. The motion shall be heard promptly, and if allowed, the trial court shall modify the sentence or vacate the judgment and permit the

defendant to withdraw the plea of guilty and plead anew. \*\*\* Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

¶ 8 The principles by which we construe supreme court rules are familiar and well settled. The same principles that govern the interpretation of statutes govern the interpretation of rules of this court. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006); *People v. Marker*, 233 Ill. 2d 158, 164-65 (2009). Our goal is to ascertain and give effect to the intention of the drafters of the rule. *Campbell*, 224 Ill. 2d at 84; *Marker*, 233 Ill. 2d at 165. The most reliable indicator of that intent is the language used, which must be given its plain and ordinary meaning. *Marker*, 233 Ill. 2d at 165; *People v. Baskerville*, 2012 IL 111056, ¶ 18. Words and phrases should not be considered in isolation; rather, they must be interpreted in light of other relevant provisions and the statute as a whole. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 604 (2008). In addition to the language used, the court may consider the purpose behind the law and the evils sought to be remedied, as well as the consequences that would result from construing the law one way or the other. *Id*. As with statutes, the interpretation of a supreme court rule presents a question of law, which we review *de novo*. *Campbell*, 224 Ill. 2d at 84.

¶ 9 The State emphasizes the rule's use of the word "or," particularly in the consultation provision, which states: "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant \*\*\* to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2006). The State asserts the word "or" is disjunctive, not conjunctive, and the rule's plain language therefore "requires counsel to certify only that she has consulted with defendant about his contentions of error in the sentence *or* in the guilty plea" (emphasis in original). Where, as here, defendant filed only a motion to reconsider his sentence, the State argues counsel must consult with defendant "only about defendant's contentions of error in the sentence." If, on the other hand, a defendant files a motion to withdraw his guilty plea, counsel must consult with the defendant about the defendant's contentions of error in the guilty plea.

¶ 10 The State acknowledges that counsel may not choose one of these arbitrarily as the subject of the consultation. For example, if a defendant files a motion to withdraw his guilty plea, "it would be absurd to conclude that counsel could strictly comply with Rule 604(d) by certifying that he consulted with defendant only about defendant's contentions of error in the sentence." The State also points to *People v. Dryden*, 2012 IL App (2d) 110646, ¶ 9, which concluded "[i]t would be absurd to suggest that where, as here, counsel moves both to withdraw the plea and to reconsider the sentence, counsel may arbitrarily choose to consult with the defendant about only one type of error." In the State's view, counsel's consultation obligation depends on the type of motion the defendant files.

¶ 11 We disagree. The basis of the State's argument is its assertion that the word "or" is disjunctive in all circumstances. The State asserts: " 'Or' means 'or' in Rule 604(d), just as it does in any other context." We recognize that the word "or" is generally disjunctive (see, *e.g.*, *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 145 (2006); *People v. Herron*, 215 Ill. 2d 167, 191 n.3 (2005)), and the word "and" is generally conjunctive (see, *e.g.*, *People v.*

*Parcel of Property Commonly Known as 1945 North 31st Street, Decatur, Macon County, Illinois*, 217 Ill. 2d 481, 500 (2005)). But this is not always the case. In *John P. Moriarty, Inc. v. Murphy*, 387 Ill. 119, 129-30 (1944), for example, this court stated:

> "It is the settled law of this State that the words 'or' and 'and' will not be given their literal meaning when to do so renders the sense of a statutory enactment dubious. The strict meaning of such words is more readily departed from than that of other words. Where it is necessary to effectuate the intention of the legislature, the word 'or' is sometimes considered to mean 'and,' and the word 'and' to mean 'or.' "

Accord *County of Du Page*, 231 Ill. 2d at 606; *Sturgeon Bay v. Leatham*, 164 Ill. 239, 243 (1896).

¶ 12    This principle—that the word "and" is sometimes considered to mean "or," and vice versa, in the interpretation of statutes—applies only where a literal reading is at variance with the legislative intent. See *John P. Moriarty, Inc.*, 387 Ill. at 129-30; *County of Du Page*, 231 Ill. 2d at 606.

¶ 13    Paragraph (d) of Rule 604, which was added in 1975 (Ill. S. Ct. R. 604(d), Committee Comments (rev. July 1, 1975)), was designed to meet a specific need. "A few years after the effective date of our 1970 Constitution, it came to the attention of this court that a large number of appeals in criminal cases were being taken from pleas of guilty. *** A review of the appeals in those cases revealed that many of the errors complained of could and undoubtedly would be easily and readily corrected, if called to the attention of the trial court. The rule was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed." *People v. Wilk*, 124 Ill. 2d 93, 106 (1988).

¶ 14    This court has long recognized the purpose of Rule 604(d):

> "That purpose is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. [Citation.] A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea. The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. If the motion to withdraw the plea is denied, that decision can be considered on review." *Id*. at 104.

¶ 15    With regard to the rule's certificate requirement, this court stated:

> "Requiring the defendant's counsel to file the requisite certificate enables the trial court to insure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis added.) *People v. Shirley*, 181 Ill. 2d 359, 361 (1998).

¶ 16       In sum, a main purpose of Rule 604(d) is to ensure that any improper conduct or other alleged improprieties that may have produced a guilty plea are brought to the trial court's attention *before* an appeal is taken, thus enabling the trial court to address them at a time when witnesses are still available and memories are fresh. Toward that end, the rule's certificate requirement is meant to enable the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.

¶ 17       We next determine whether the State's insistence on a literal reading of the word "or" is in keeping with, or at variance with, the intent of the rule's drafters. As previously noted, the State argues that in the rule's consultation provision, which requires counsel to certify she has consulted with the defendant "to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty," the word "or" is disjunctive, not conjunctive. According to the State, the rule therefore requires counsel to certify only that she has consulted with defendant about his contentions of error in the sentence *or* in the guilty plea, depending on the type of motion defendant files. In the case at bar, the State argues that because defendant filed only a motion to reconsider the sentence, and because Rule 604(d) requires only that counsel consult with defendant about contentions of error in the sentence *or* the guilty plea, "counsel was not obligated to certify that he consulted with defendant about the guilty plea proceedings."

¶ 18       On its face, this does not comport with the rule's goal of allowing the trial court to address, *before* an appeal is taken, any alleged improprieties that may have produced the guilty plea. Indeed, the disjunctive reading urged by the State could actually block this goal, ensuring that some alleged errors that may have produced a guilty plea are *not* addressed by the trial court before an appeal is taken. If, for example, counsel certifies that he has consulted with the defendant only about defendant's contentions of error regarding the sentence, the possibility remains that the defendant might have had contentions of error about the guilty plea but failed to mention them. At a minimum, counsel's certificate, indicating he consulted with defendant only about contentions of error in the sentence, would fall short of assuring the trial court that counsel had reviewed the defendant's claim and considered *all* relevant bases for the post-plea motion. Worse still is the possibility that defendant actually had concerns about the guilty plea which were not discussed with counsel, and were omitted from the motion. Such a result would run directly counter to the rule's purpose of enabling the trial court to immediately correct, before an appeal is taken, any improprieties that might have produced the guilty plea. The State's disjunctive reading thus could frustrate the rule's ultimate purpose of eliminating needless trips to the appellate court.

¶ 19       If, on the other hand, "or" were interpreted as "and," counsel would have been required to certify that he consulted with defendant about contentions of error in both the sentence *and* the guilty plea, which would more likely enable the trial court to ensure that counsel had reviewed the defendant's claim and considered *all* relevant bases for the post-plea motion. More important, counsel's certifying that he consulted with the defendant about *both* types of error would make it more likely, rather than less likely, that all of the contentions of error were included in the post-plea motion, enabling the trial court to address and correct any improper conduct or errors of the trial court that may have produced the guilty plea.

- 6 -

¶ 20    In sum, we reject the State's argument that here the word "or" must be given a literal, disjunctive reading. In our view, such a reading is at variance with the intent of Rule 604(d), and we therefore apply the principle set forth in *John P. Moriarty*, *County of Du Page* and other decisions of this court that the word "and" is sometimes considered to mean "or," and vice versa, in the interpretation of statutes. We hold that in order to effectuate the intent of Rule 604(d), specifically the language requiring counsel to certify that he has consulted with the defendant "to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty," the word "or" is considered to mean "and." Under this reading, counsel is required to certify that he has consulted with the defendant "to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty."

¶ 21    We necessarily reject the State's argument that, under Rule 604(d), counsel's consultation obligation extends no further than the subject of defendant's post-plea motion. Unless the defendant moves both to withdraw the guilty plea *and* to reconsider the sentence, this would mean counsel was obligated to certify consultation with the defendant only about the sentence *or* the guilty plea, but not both. This flies in the face of the rule's intent, which is effectuated by reading "or" as "and" in the consultation provision.

¶ 22                                          CONCLUSION

¶ 23    We agree with the appellate court that counsel's certificate pursuant to Rule 604(d), in which counsel certified he consulted with defendant only as to defendant's contentions of error in the sentence, did not strictly comply with the rule. We affirm the judgment of the appellate court, which reversed the judgment of the circuit court and remanded with directions.

¶ 24    Affirmed.

¶ 25    JUSTICE THOMAS, specially concurring:

¶ 26    For all of the reasons stated by the majority, and also those given by the appellate court in *People v. Jordan*, 2013 IL App (2d) 120106, I concur in the majority opinion. As the majority notes, it is well-settled that "or" must sometimes be read as "and" to effectuate the drafters' intent. This is obviously one of those situations. In *Jordan*, the appellate court stated that it could not "imagine that the supreme court designed the rule, and insisted on strict compliance therewith, to avert the forfeiture of issues of only one type or the other, as opposed to the forfeiture of any and all." *Id.* ¶ 14. Clearly, this court's intent was the latter, not the former.

¶ 27    That said, I believe that the rule should be amended to more accurately reflect this court's intent. If we do not do so, the rule will continue to create confusion, and we will not know with any degree of certainty which attorneys are complying and which are not. Consider Attorney A, who conscientiously consults with the defendant about both his guilty plea and sentence, determines that defendant wants to raise issues concerning his sentence only, and certifies that he consulted with the defendant about his contentions of error in his sentence. Now consider Attorney B, who consults with the defendant about his sentence only, and certifies, truthfully, that he consulted with the defendant about his contentions of error in the plea or sentence. A

court will reverse and remand in the first case and not the second, even though, unbeknownst to the court, it is Attorney B who clearly has not fulfilled his obligation. While certainly today's opinion will clear up some of the confusion, I believe that the rule should be amended so that this court can have complete confidence that attorneys are complying with the rule.

¶ 28    The dissent argues that it is the motion filed by defendant that determines the scope of the consultation, rather than vice versa. *Infra* ¶ 38 (Karmeier, J., dissenting, joined by Kilbride and Theis, JJ.). This is exactly backwards. It is the consultation that determines which motion or motions should be filed. On this point, I would simply refer the reader to the thorough discussion that appears in *Jordan*. See *Jordan*, 2013 IL App (2d) 120106, ¶¶ 10-14.

¶ 29    As defendant correctly notes, anyone trying to argue that the motion determines the scope of the consultation will very quickly paint himself into a corner when the motion is filed by counsel. How can a motion filed by defense counsel determine the scope of the necessary consultation with the defendant? The dissent provides the following answer:

> "If a defendant represented by counsel wants to file a motion challenging his sentence, his guilty plea, or both, counsel is ethically obligated to do so on the defendant's behalf. Ill. R. Prof. Conduct (2010) R. 1.2(a) (eff. Jan. 1, 2010) ('[A] lawyer shall abide by a client's decisions concerning the objectives of the representation ***.'). There is no reason to believe that counsel chose not to file a motion to withdraw the guilty plea despite defendant's desire to do so. Whether the post-plea motion is filed *pro se* or by counsel, defendant retains the choice of whether to challenge the sentence, the guilty plea, or both." *Supra* ¶ 40 (Karmeier, J., dissenting, joined by Kilbride and Theis, JJ.).

This is no answer. The dissent misses the point entirely when it contends that counsel would have been ethically obligated to follow defendant's wishes as to which motion to file and that there is no reason to believe that counsel ignored defendant's wishes. The problem is that we do not know that any consultation took place with respect to defendant's guilty plea because *counsel certified only that he consulted with defendant about his sentence*. The dissent's answer to the problem is simply to *assume* that the other necessary consultation took place. But if the court is willing to engage in such assumptions, then why have Rule 604(d)'s certificate requirement at all? Had counsel certified that he consulted about both the guilty plea and the sentence, then the dissent's assumption might make sense. Because we know nothing more than that the attorney consulted with defendant about his sentence, I am unsure how my dissenting colleagues can feel confident that counsel complied with defendant's wishes regarding his guilty plea. If anything, all that the above quoted paragraph accomplishes is to demonstrate why the dissent's position cannot be correct.

¶ 30    I am also concerned that the dissent is going to cause great confusion when, without citation, it interprets the first sentence of Rule of Professional Conduct 1.2(a) to mean that an attorney is ethically obligated to file whatever motion a criminal defendant wants him to file. The rule itself belies any such notion when a mere three sentences later it states that: "In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive a jury trial and whether a client will testify." To this list, we have added that the decisions whether to appeal and whether to seek a lesser included defense instruction are also for the defendant. *People v. Clendenin*, 238 Ill. 2d

302, 318 (2010). All other matters of tactics and strategy, such as which motions should be filed, are for the attorney to make, after consulting with the defendant. *Id*. at 319. Does the dissent mean to suggest that if, even after consultation, the defendant is completely mistaken about which type of motion is required to present his claims properly, counsel is ethically obligated to file whatever motion defendant wants? The dissent offers no explanation for why it wants to expand greatly the categories of decisions that are for the defendant, and no good reason would seem to exist.

¶ 31 The dissent has thus offered no compelling reasons why a court should be confident that an attorney has consulted with a defendant about any possible contentions of error in the defendant's guilty plea, when defense counsel files only a motion to reconsider the sentence and his certification does not state that he consulted with defendant about anything but that.

¶ 32 JUSTICE KARMEIER, dissenting:

¶ 33 As the majority notes, the issue on appeal is whether Illinois Supreme Court Rule 604(d) requires post-plea counsel to certify that he consulted with defendant regarding defendant's contentions of error in the sentence *and* the guilty plea or only regarding contentions of error relevant to defendant's post-plea motion. The majority concludes that the rule requires counsel to certify that he consulted with defendant regarding defendant's contentions of error in both the sentence and the guilty plea even where, as here, defendant challenged only his sentence and had no contentions of error in the guilty plea. Because the plain and unambiguous language of the rule is to the contrary, I cannot join the majority opinion.

¶ 34 Rule 604(d) provides, in pertinent part, as follows:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

¶ 35 In this case, defendant filed a motion to reconsider sentence, alleging that his sentence was excessive. He did not file a motion to withdraw his guilty plea. That same day, counsel filed a Rule 604(d) certificate, stating:

"NOW COMES [defense counsel], attorney for Defendant herein and states that he has consulted with the Defendant in person to ascertain Defendant's contentions of error in the sentence imposed herein, has examined the trial court file and the Court proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 36      At the hearing on the motion to reconsider, defendant asked the court to reduce his sentence from 12 years to 7 years so he could be immediately eligible for a drug treatment program. The motion was denied, and defendant appealed. A divided panel of the appellate court reversed and remanded, holding that counsel's Rule 604(d) certificate did not strictly comply with the rule. 2012 IL App (4th) 120650-U, ¶ 15.

¶ 37      We allowed the State's petition for leave to appeal. The majority agrees with the appellate court and concludes that counsel did not strictly comply with the requirements of Rule 604(d) because his certificate did not state that he consulted with defendant to ascertain defendant's contentions of error in the entry of the guilty plea.

¶ 38      Because I believe that counsel did strictly comply with the requirements of Rule 604(d), I respectfully dissent. The rule requires counsel to certify that he or she "has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty" (emphasis added). Ill. S. Ct. R. 604(d) (eff. July 1, 2006). "The word 'or' is disjunctive," which means that it "connotes two different alternatives." *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 145 (2006). "In other words, 'or' means 'or.' " *Id.* The majority's reading of Rule 604(d), which construes "or" to mean "and," cannot be squared with the plain language of the rule.

¶ 39      Under the plain and unambiguous language of Rule 604(d), read as a whole, counsel must consult with defendant about the subject of defendant's post-plea motion. Therefore, where, as here, defendant challenges only his sentence, counsel is required to certify that he consulted with defendant about defendant's contentions of error in the sentence. Similarly, where a defendant challenges only his guilty plea, counsel is required to certify that he consulted with defendant to ascertain defendant's contentions of error in the guilty plea.

¶ 40      Rule 604(d) provides that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files *** a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Several more times, the rule uses "or" to separate the respective requirements of these motions. Each time, the requirements differ depending on the type of post-plea motion defendant filed. For instance, the rule provides that if defendant's motion is allowed, "the trial court shall modify the sentence *or* vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew." (Emphasis added.) *Id.* Thus, if defendant has filed a motion to reconsider his sentence, the trial court should, upon granting the motion, modify the sentence. If defendant has filed a motion to withdraw his guilty plea, the trial court should, upon granting the motion, vacate the judgment and allow defendant to plead anew.

¶ 41      Likewise, Rule 604(d) requires defendant's post-plea counsel to file a certificate stating that he or she "has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty." (Emphasis added.) *Id.* In other words, counsel's certification obligation depends on the type of motion defendant files.

¶ 42      Where, as here, defendant has filed only a motion to reconsider his sentence, Rule 604(d) requires counsel to certify, as counsel did here, that he or she consulted with defendant about defendant's contentions of error in the sentence. Because defendant did not file a motion to

- 10 -

withdraw his guilty plea, and because Rule 604(d) requires only that counsel consult with defendant about defendant's contentions of error in the sentence or in the guilty plea, counsel was not obligated to certify that he consulted with defendant about defendant's contentions of error in the guilty plea. Indeed, he could not have so certified because defendant had no contentions of error in his guilty plea.

¶ 43    The purpose of Rule 604(d) demonstrates that the rule requires counsel to consult with defendant about the guilty plea proceedings only if defendant files a motion to withdraw his guilty plea. As this court has explained:

"Compliance with the motion requirement of Rule 604 permits the trial judge who accepted the plea and imposed sentence to consider any allegations of impropriety that took place *dehors* the record and correct any error that may have led to the guilty plea. [Citations.] Requiring the defendant's counsel to file the requisite certificate enables the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence. The attorney certificate thereby encourages the preservation of a clear record, both in the trial court and on appeal, of the reasons why a defendant is moving to withdraw his plea or to reduce sentence. [Citation.] Because Rule 604(d) is designed both to protect defendant's due process rights and to eliminate unnecessary appeals, this court requires strict compliance with its requirements ***." *People v. Shirley*, 181 Ill. 2d 359, 361-62 (1998).

¶ 44    Contrary to defendant's assertion, the analysis does not change when defendant's post-plea motion is filed by counsel. If a defendant represented by counsel wants to file a motion challenging his sentence, his guilty plea, or both, counsel is ethically obligated to do so on the defendant's behalf. Ill. R. Prof. Conduct (2010) R. 1.2(a) (eff. Jan. 1, 2010) ("[A] lawyer shall abide by a client's decisions concerning the objectives of representation ***."). There is no reason to believe that counsel chose not to file a motion to withdraw the guilty plea despite defendant's desire to do so. Whether the post-plea motion is filed *pro se* or by counsel, defendant retains the choice of whether to challenge the sentence, the guilty plea, or both.

¶ 45    The history of Rule 604(d) further shows that the rule requires counsel to consult with defendant only about the subject of defendant's motion. When paragraph (d) was added to Rule 604 in 1975, it provided that a defendant could not appeal from a judgment entered on a plea of guilty unless he first filed a motion to withdraw the plea, even if defendant wanted to challenge only the sentence. Ill. S. Ct. R. 604(d) (eff. Jan. 1, 1967). Counsel was therefore required to certify that he or she had "consulted with the defendant *** to ascertain [defendant's] contentions of error in the entry of the plea of guilty." *Id.* If the motion was allowed, the trial court was required to vacate the judgment and allow defendant to plead anew. *Id.*

¶ 46    After amendments in 1992, Rule 604(d) provides that a defendant may appeal from a judgment entered on a plea of guilty only if he has filed in the trial court a motion to reconsider the sentence or a motion to withdraw the guilty plea. Ill. S. Ct. R. 604(d) (eff. Aug. 1, 1992). As amended, the rule also provides that counsel must consult with defendant about defendant's contentions of error in the sentence or in the guilty plea (and that the trial court, upon granting

- 11 -

the motion, shall modify the sentence or vacate the judgment and let defendant plead anew). *Id.* The drafters added an "or" phrase in each sentence where the rule would apply differently based on the type of motion defendant filed.

¶ 47 Some attorneys reproduce Rule 604(d)'s consultation language verbatim in their certificates of compliance; indeed, at least one court has admonished attorneys that this is "the better practice." See *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 14 ("While this court has said that strict compliance does not mean that counsel must recite 'word for word' the verbiage of the rule [citation], we now admonish attorneys that a 'word for word' recitation is the better practice."). As the dissenting justice noted below, however, if defense counsel in this case "follows the Second District's admonishment in *Herrera* [citation] on remand, his certificate will contain the disjunctive language, and thus it will be unclear as to whether defense counsel discussed with defendant possible contentions of error in the guilty-plea proceeding, making remand worthless." 2012 IL App (4th) 120650-U, ¶ 18 (Turner, P.J., dissenting). See also paragraph 2 of Justice Thomas's special concurrence in this case, in which he poses hypothetical situations to demonstrate the confusion caused by the language of the rule.

¶ 48 By construing "or" to mean "and," the majority is reading the rule to say that defendant's contentions of error relate to both the sentence and the guilty plea. Clearly that is not the case here; just as clearly, that is not what the rule says. Nor do I believe that was the intent of the rule based on the language and history stated herein.

¶ 49 What the majority is actually saying is that the rule should be read as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error, *and to discuss any other errors*, in *both* the sentence *and* the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty *and sentencing*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

I am not opposed to changing Rule 604(d), but we should do so prospectively and only after the open deliberative process usually followed by this court in making rule changes.

¶ 50 I respectfully dissent.

¶ 51 JUSTICES KILBRIDE and THEIS join in this dissent.

- 12 -