# Illinois Official Reports

## Appellate Court

*People v. Gillespie*, 2017 IL App (1st) 152351

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEREMY GILLESPIE, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-15-2351 |
| Filed | September 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-DV-72265; the Hon. Michael R. Clancy, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Elizabeth Cook, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Pucinski and Mason concurred in the judgment and opinion. |

**OPINION**

¶ 1     After pleading guilty to violating an order of protection, Jeremy Gillespie then moved to withdraw his guilty plea. His counsel certified under Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014) that counsel had consulted with Gillespie on the guilty plea; however, nothing was stated regarding whether counsel consulted with Gillespie on the sentence. Gillespie argues that this certification was insufficient. We agree. We vacate the Cook County circuit court's order denying Gillespie's motion and remand.

¶ 2                                         Background

¶ 3     In April 2015, Gillespie was charged with violating an order of protection. In a negotiated plea deal, Gillespie pled guilty in exchange for a sentence of 12 months of probation, GPS monitoring, and community service.

¶ 4     But soon after, Gillespie filed a *pro se* document that the trial court interpreted as a motion to withdraw his guilty plea. Gillespie's counsel then filed an amended motion. Attached to the motion was a certification under Illinois Supreme Court Rule 604(d), stating: "I have consulted with the defendant in person to ascertain his contentions of error in the entry of the plea of guilty in the above matter. I have examined the trial court file and the official transcript of the proceedings of May 13, 2015. I have prepared a Motion to Withdraw Defendant's Plea of Guilty and Vacate the Judgment." After a hearing, the trial court denied the motion, and Gillespie filed this appeal.

¶ 5                                          Analysis

¶ 6     Gillespie argues that his trial counsel's Rule 604(d) certification did not strictly comply with the rule because it failed to state that counsel had consulted with Gillespie about his contentions of error in both the guilty plea and his sentence.

¶ 7     Illinois Supreme Court Rule 604(d) governs a defendant's ability to appeal after pleading guilty; a defendant may not do so unless he or she first challenges the plea (or the sentence or both the plea and the sentence) in a motion in the trial court. Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014). The defendant's attorney must certify to the trial court that certain tasks were completed. Until recently, Rule 604(d) stated that the attorney must consult with the defendant "to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty." (Emphasis added.) *Id.*

¶ 8     Our supreme court was asked to interpret this clause in *People v. Tousignant*, 2014 IL 115329. The State argued that because the word "or" was disjunctive, an attorney did not need to certify consultation about both the sentence and the plea. *Id.* ¶ 11. But the supreme court disagreed, based on the purpose of the rule: "to enable the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis in original.) *Id.* ¶ 16. This would enable the trial court to correct possible errors at the soonest opportunity. *Id.* ¶ 19. The court determined that the word "or" should be read as "and," requiring attorneys to certify consultation about both the guilty plea and the sentence. *Id.* ¶ 20.

¶ 9     Following *Tousignant* and Gillespie's case, the supreme court amended the rule to read that defense counsel must consult with the defendant to ascertain the "contentions of error in

the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015).

¶ 10    Gillespie relies on *Tousignant* to argue that his counsel did not strictly comply with the rule. The State argues that *Tousignant* is distinguishable because Tousignant had an "open" plea (he pled guilty without any promise from the State), while Gillespie had a "closed," or fully negotiated, plea deal. According to the State, because Gillespie negotiated for a specific sentence, he could not challenge that sentence afterwards and therefore his attorney did not need to certify consultation regarding the sentence. Gillespie argues that *Tousignant*'s holding was not limited to open pleas.

¶ 11    In *People v. Martell*, the Second District agreed with Gillespie's position, rejecting the argument that *Tousignant* applied only to open pleas: "nothing in *Tousignant*'s reasoning relies on the fact that the plea there was open, and nothing in the opinion states that its holding is limited to open pleas." 2015 IL App (2d) 141202, ¶ 9. Indeed, the rule's purpose was to ensure adequate consultation between attorney and client, and "the sufficiency of the consultation does not depend on the scope of the motion that counsel files afterwards." *Id.* *Martell* also noted that even in the context of a fully negotiated plea, the trial court's role had "dwindled but not wholly disappeared," as the agreed-upon sentence might be improper in some way, requiring the trial court to step in. *Id.* ¶ 13.

¶ 12    We agree with *Martell*. *Tousignant* and the rule's language are not limited to open pleas, and if our supreme court intends that it be so limited, it will say so explicitly. The State's argument has some superficial logical appeal: if the plea is closed, counsel will not be able to challenge the sentence through a written motion. But the rule focuses on the attorney's duty to consult with his or her client, and that consultation has value even if it does not ultimately affect the content of the motion. Further, *Martell*'s concern that a fully negotiated plea might include an improper sentence is real. See, *e.g.*, *People v. White*, 2011 IL 109616, ¶ 23 (trial court may not impose illegal sentence even if intended by parties through plea agreement). Even when the parties agree on a specific sentence, the trial court still has a role to play beyond blindly imposing their wishes. The consultation and motion contemplated by Rule 604(d) will ultimately be directed at the trial court's acceptance of the plea and imposition of sentence, not the parties' agreement.

¶ 13    Though strict enforcement of the rule under *Tousignant* might seem "hypertechnical" (see *Martell*, 2015 IL App (2d) 141202, ¶ 19), we believe that the law properly requires it.

¶ 14    We vacate the trial court's denial of Gillespie's motion and remand for further proceedings.

¶ 15    Reversed and remanded.