2020 IL App (1st) 162748-U

No. 1-16-2748

Order filed April 10, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 DV 75903 |
| | ) | |
| LACOLE MURRAY, | ) | Honorable |
| | ) | Laura Bertucci Smith, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We remand for strict compliance with Rule 604(d) because postplea counsel failed to certify that she consulted with defendant regarding her contentions of error in both the sentence and entry of the guilty plea.

¶ 2    Defendant LaCole Murray pled guilty to domestic battery to a minor (720 ILCS 5/12-3.2(a)(1) (West 2014)) and was sentenced to one year of probation. On appeal, she contends that postplea counsel failed to strictly comply with the certificate requirements of Rule 604(d), and the trial court erred in denying her motion to withdraw her plea because her plea was not knowing and

voluntary, and she had a meritorious defense. We vacate and remand for compliance with Rule 604(d).

¶ 3    Defendant was charged with domestic battery to a minor for causing bodily harm to A.M., her 16-year-old son, by slapping his head with an open hand, punching him in the face with a closed hand, and choking him on August 19, 2014. On April 1, 2015, defendant pled guilty, pursuant to a negotiated plea, to domestic battery in exchange for one year of probation, 100 hours of community service, and mandatory registration for 10 years as a violent offender under the Murderer and Violent Offender Against Youth Registration Act. The court also informed her that an agreed order of protection was put in place and ordered that she "stay away" from A.M.

¶ 4    On April 28, 2015, defendant, with the assistance of plea counsel, filed a motion to withdraw her plea of guilty and vacate the judgment, arguing she was physically and emotionally ill on the date that she pled guilty due to the order of protection prohibiting her from having contact with her son. She further argued that her emotional distress, coupled with the lupus from which she suffered, caused her to "not fully comprehend the right she had to trial and/or a hearing on the order of protection hearing." Defendant additionally asserted she did not fully understand the implications of her plea, including that she would have to register as a violent offender and, had plea counsel fully advised her of these implications, she would not have pled guilty. Finally, she claimed she had a meritorious defense of self-defense to domestic battery because she had evidence that A.M. was aggressive and "documentation that [A.M.] had become physical to her on more than one occasion."

¶ 5    On the same date, counsel filed a Rule 604(d) motion, certifying that she "consulted with defendant in person to ascertain her contentions of error in the plea of guilty," examined the trial

court file and the transcript of the plea hearing, and prepared a motion to withdraw defendant's plea.

¶ 6    On June 29, 2015, the court held a hearing on defendant's motion and concluded that defendant was asserting a claim of ineffective assistance of plea counsel. Consequently, the court continued the case and appointed a new attorney.

¶ 7    On June 27, 2016, new postplea counsel filed an amended motion to withdraw defendant's plea and vacate the judgment, raising the same arguments as in defendant's initial motion to withdraw. Defendant added that she was examined by Dr. Joan H. Leska.

¶ 8    Postplea counsel filed a Rule 604(d) certificate, certifying she "consulted with [defendant] *** in person to ascertain her contentions of error in the entry of the guilty plea." Postplea counsel further certified that she examined the report of proceedings and the trial file and amended defendant's "current" motion to withdraw "for an adequate presentation of any defects in those proceedings."

¶ 9    Dr. Leska testified at the hearing on defendant's amended motion to withdraw her plea. She concluded that defendant was unable to knowingly and intelligently plead guilty to domestic battery on April 1, 2015. Defense counsel who represented defendant at the plea hearing also testified that defendant was admonished in open court and indicated she understood the principles stated to her. The trial court denied defendant's amended motion to withdraw, concluding that defendant's claims did not render her guilty plea not knowing and voluntary. Defendant timely appealed.

¶ 10    On appeal, defendant argues that new postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) by failing to certify in her Rule 604(d) certificate that she consulted with defendant about her sentence.

¶ 11    We review *de novo* the question of whether defense counsel complied with Rule 604(d). *People v. Grice,* 371 Ill. App. 3d 813, 815 (2007). Rule 604(d) addresses procedures to be followed when, after pleading guilty, a defendant files either a motion to reconsider the sentence or a motion to withdraw a guilty plea. *Id.* In relevant part, the rule provides:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S.Ct. R. 604(d) (eff. Mar. 8, 2016).

¶ 12    Defense counsel must strictly comply with the requirements of Rule 604(d). *People v. Dryden,* 2012 IL App (2d) 110646, ¶ 4. The remedy for failing to strictly comply with Rule 604(d) is to remand the matter to the circuit court for: (1) filing a proper Rule 604(d) certificate, (2) the opportunity to file a new motion to withdraw the defendant's guilty plea and/or reconsider sentence, if counsel determines that a new motion is necessary, and (3) a new motion hearing. *People v. Easton,* 2018 IL 122187, ¶ 37.

¶ 13    We agree with defendant that counsel failed to strictly comply with Rule 604(d). The record reflects that postplea counsel filed her June 2016 certificate pursuant to Rule 604(d) stating, in

relevant part, that she "consulted with [defendant] *** in person to ascertain her contentions of error in the *entry of the plea of guilty*." (Emphasis added). The rule requires that counsel consult with defendant regarding contentions of error in the sentence *and* the entry of the guilty plea. (Emphasis added). Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016). Because counsel did not state that she conferred with defendant about any contentions of error in her sentence as well as her guilty plea, postplea counsel failed to strictly comply with Rule 604(d).

¶ 14     The State argues, however, that counsel did comply with Rule 604(d) because defendant's plea was negotiated, rather than open. However, as an initial matter, the State cites to an older version of the rule which required counsel to file a certificate stating, in relevant part, that counsel "has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence *or* entry of the plea of guilty." (Emphasis added). Ill. S. Ct. R. 604(d) (eff. July 1, 2006). This older version of the rule was not in effect at the time new postplea counsel filed her certificate.

¶ 15     Further, *People v. Tousignant*, 2014 IL 115329, and *People v. Gillespie*, 2017 IL App (1st) 152351, which each dealt with the earlier version of the rule, make clear that whether a plea is open or negotiated, postplea counsel must consult with the defendant regarding both the entry of the plea and the sentence. When *Tousignant* was decided, Rule 604(d) stated that an attorney must consult with the defendant "to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2006). In *Tousignant*, a case in which the defendant pled guilty pursuant to an open plea, the supreme court held that the word "or" in the rule should be read as "and," which would require plea counsel to certify he or she had consulted with the defendant about both the guilty plea and sentence. *Tousignant*, 2014 IL 115329, ¶ 20. The court reasoned that the purpose of the rule was "to enable

the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence," ((emphasis in original) *id.* ¶ 16), which would enable the trial court to correct possible errors at the soonest opportunity (*id.* ¶ 19).

¶ 16     In *Gillespie*, the defendant pled guilty pursuant to a negotiated plea and later moved to withdraw his plea. Counsel filed a Rule 604(d) certificate, stating, in relevant part, that he consulted with the defendant about his contentions of error in the entry of the guilty plea. Following a hearing, the trial court denied the motion to withdraw. On appeal, we held that former Rule 604(d), which *Tousignant* had explained required plea counsel to certify counsel consulted with a defendant regarding contentions of error in the entry of plea *and* sentence, along with the other requirements, applies equally to both open and negotiated pleas. *Gillespie*, 2017 IL App (1st) 152351, ¶ 12. Relying on *People v. Martell*, 2015 IL App (2d) 141202, ¶ 9, which rejected the proposition that *Tousignant* applied only to open pleas, we found, "*Tousignant* and the rule's language are not limited to open pleas, and if our supreme court intends that it be so limited, it will say so explicitly." *Gillespie*, 2017 IL App (1st) 152351, ¶ 12. We additionally noted the rule's purpose: an attorney's duty to consult with his or her client, regardless of whether the consultation affects the content of the motion. *Id.* Accordingly, we reject the State's argument that Rule 604(d) applies only to open pleas.

¶ 17     In this case, new postplea counsel failed to specify that she consulted with defendant regarding contentions of error in both the entry of the plea *and* the sentence. At the time counsel filed her certificate, the rule required consultation with defendant regarding both the sentence and the entry of guilty plea. Ill. S.Ct. R. 604(d) (eff. Mar. 8, 2016). Even under the earlier version of

the rule at issue in *Tousignant* and *Gillespie*, postplea counsel failed to strictly comply with Rule 604(d) if she did not consult with defendant regarding her sentence. In fact, after *Tousignant*, the supreme court amended the rule, effective December 3, 2015, to read that counsel must consult with the defendant regarding the "contentions of error in the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). Accordingly, we vacate the trial court's judgment denying defendant's motion to withdraw her guilty plea and remand for: (1) the filing of a new postplea motion (if defendant so wishes), (2) a new hearing on defendant's postplea motion, and (3) compliance with the requirements of Rule 604(d). *Easton,* 2018 IL 122187, ¶ 37.

¶ 18    Because we conclude that this case must be remanded for further proceedings on defendant's motion to withdraw her guilty plea because her counsel failed to strictly comply with Rule 604(d), we need not address defendant's remaining contention regarding the voluntariness of her guilty plea at this time. See *People v. Janes*, 158 Ill. 2d 27, 36 (1994) (where remand was required for compliance with Rule 604(d), the court declined to address additional issues the defendant raised on appeal regarding his guilty plea).

¶ 19    Vacated and remanded.