2023 IL App (1st) 171631
No. 1-17-1631

FIRST DIVISION
March 20, 2023

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 11 CR 19367 |
| | ) | |
| DAVID TAYLOR, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Alfredo Maldonado, |
| | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Justices Lavin and Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1 After he entered a negotiated guilty plea to two counts of attempted murder, the trial court sentenced defendant to two concurrent sentences of 31 years' imprisonment. Subsequently, defendant filed a *pro se* motion to withdraw his guilty plea. His postplea counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016). Defendant now challenges whether his postplea counsel's certification complied with Rule 604(d). We reverse and remand for further proceedings.

¶ 2 BACKGROUND

¶ 3        Defendant David Taylor was charged with multiple counts of attempted murder, armed robbery, attempted armed robbery, and aggravated battery for shooting Oben Pilado and his father, Jose Pilado, in September 2011. On May 6, 2014, defendant agreed to plead guilty to two counts of attempted murder in exchange for a negotiated sentence of two concurrent sentences of 31 years' imprisonment.

¶ 4        On June 17, 2014, defendant filed a timely *pro se* motion to withdraw his guilty plea, arguing that his attorneys falsely informed him that, if he did not plead guilty, he would spend the rest of his life in prison and could not appeal and that his guilty plea, consequently, was involuntary. The trial court heard arguments from counsel and defendant regarding this motion but failed to appoint new counsel to represent defendant. Defendant appealed the failure to appoint new counsel, and we summarily remanded the case in March 2016 to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) and Rule 604(d) (eff. Mar. 8, 2016).

¶ 5        Upon remand, the trial court appointed an attorney from the public defender's office, who filed a certificate in September 2016 averring that he had complied with Rule 604(d). In December 2016, a different attorney from the public defender's office took over defendant's case.

¶ 6        Then, in March 2017, the new counsel filed a superseding Rule 604(d) certificate averring that he had (1) consulted with defendant by mail and in person about his contentions of error concerning his guilty plea, (2) examined the trial court file and transcripts of the plea hearing, and (3) declined to amend defendant's *pro se* motion to withdraw his plea because it adequately stated defendant's grounds for relief. On March 22, 2017, at a status hearing, the new public defender stated that he was aware that prior counsel had filed a certificate but that his superseding certificate followed his "own assessment" of defendant's case.

¶ 7        On June 14, 2017, the court held a hearing on defendant's motion. Defendant's new public defender represented to the trial court that defendant was proceeding on his contention that his trial counsel lied to him and told him that he could not appeal if he was convicted and that he would spend the rest of his life in prison. Defendant testified in support of his contention. The State presented the testimony of Assistant Public Defenders Wendy Steiner and Kyan Keenan, defendant's trial counsel. Both attorneys denied telling defendant that he could not appeal from a jury verdict and that, if he were found guilty by a jury, he would spend the rest of his life in prison.

¶ 8        The trial court denied defendant's motion, finding that Assistant Public Defender Steiner credibly testified that she had explained defendant's right to appeal and had not told him that he could not exercise those rights if found guilty by a jury. The trial court also found Assistant Public Defender Keenan credible in all respects and determined that neither counsel had threatened or coerced defendant's plea. The trial court found that defendant's recollection of his meetings with counsel, in which he testified his attorneys told him that he could not appeal a jury verdict and that he would lose his case, was not credible.

¶ 9                                          ANALYSIS

¶ 10       Defendant argues that his postplea counsel's Rule 604(d) certification did not strictly comply with the rule because it failed to state that counsel had consulted with defendant about his contentions of error in his sentence and that he reviewed the report of proceedings for his sentencing hearing. In response, the State argues that his counsel's certification complied in all respects with Rule 604(d) and that counsel was not obligated to certify that he had consulted with defendant on sentencing issues where defendant's fully negotiated plea barred counsel from raising sentencing issues as a basis for withdrawing the plea.

¶ 11    Rule 604(d) "governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." (Internal quotation marks omitted.) *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 29. The rule provides, in pertinent part, as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The motion shall be in writing and shall state the grounds therefor. *** The motion shall be presented promptly to the trial judge by whom the defendant was sentenced ***. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016).

¶ 12    It is well established that counsel must strictly comply with the certificate requirements of Rule 604(d). See *People v. Gorss*, 2022 IL 126464, ¶ 19; *People v. Janes*, 158 Ill. 2d 27, 33 (1994). However, "[t]he certificate need not recite word for word the verbiage of the rule." *People v. Wyatt*, 305 Ill. App. 3d 291, 297 (1999). If counsel does not comply, we must remand the matter to the

trial court "for the filing of a new Rule 604(d) certificate, for the filing of a new motion to withdraw guilty plea or to reconsider sentence, and for a new hearing on the motion." See *Gorss*, 2022 IL 126464, ¶ 31. "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo.*" *Id.* ¶ 10.

¶ 13        Before 2015, Rule 604(d) instructed that, when a *pro se* defendant filed a motion to withdraw his guilty plea and before proceedings on the motion could commence, counsel must, in pertinent part, "ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty" (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014).

¶ 14        The language of the rule changed after our supreme court interpreted this particular clause in *People v. Tousignant*, 2014 IL 115329. While the State argued that the use of the word "or" was disjunctive and meant that an attorney did not need to certify consultation about both the sentence and the plea, the supreme court disagreed. *Id.* ¶ 11. The supreme court found that the purpose of the rule was "to enable the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis in original.) *Id.* ¶ 16. This would enable the trial court to correct possible errors at an earlier opportunity. *Id.* ¶ 19. The court determined that the word "or" should be read as "and," requiring attorneys to certify consultation about both the guilty plea and the sentence. *Id.* ¶ 20.

¶ 15        After *Tousignant*, the supreme court amended Rule 604(d), effective December 3, 2015, to read that counsel must consult with the defendant regarding the "contentions of error in the sentence *and* the entry of the plea of guilty." Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015).

¶ 16        Here, postplea counsel certified that he consulted with defendant about errors in the guilty plea and reviewed the report of proceedings of the plea of guilty, but he did not certify that he

consulted with defendant about alleged errors in his sentence or examined the report of proceedings of the sentencing hearing. The State argues that remand is not necessary where the certificate filed by postplea counsel contained all relevant information mandated for inclusion by that rule in fully negotiated plea cases.

¶ 17     We find that postplea counsel did not comply with the certification requirements pursuant to Rule 604(d). Our supreme court has determined that compliance with Rule 604(d) requires that postplea counsel certify that he consulted with a defendant regarding his contentions of error both in the entry of his plea and also in his sentence. *Gorss*, 2022 IL 126464, ¶ 26. In *Gorss*, our supreme court addressed whether postplea counsel strictly complied with Rule 604(d) where the counsel did not certify that he consulted with the defendant to ascertain his contentions of error with the entry of the plea of guilty. The defendant entered an open plea of guilty to aggravated DUI and was sentenced to 11 years' imprisonment. *Id.* ¶ 4. On appeal, the supreme court held, "The language of the rule is clear—counsel must certify that a consultation to ascertain the defendant's contentions of error as to both the sentence and entry of the guilty plea took place. This is to ensure that the defendant's interests are protected." *Id.* ¶ 26 (citing *People v. Easton*, 2018 IL 122187, ¶ 32). "[W]here the language used [in a statute] is plain and unambiguous, [a reviewing court] may not 'depart from its terms' or read into the rule exceptions, limitations, or conditions that conflict with the drafters' intent." *Id.* ¶ 10 (citing *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 38 (2009)).

¶ 18     We recognize that the defendant in *Gorss* entered an open plea of guilty, as opposed to defendant in the instant case who entered a negotiated plea of guilty. In *People v. Gillespie*, 2017 IL App (1st) 152351, however, we addressed the factual situation present in the instant case. In *Gillespie*, the defendant pled guilty pursuant to a negotiated plea and later moved to withdraw his

plea. Counsel filed a Rule 604(d) certificate, stating, in relevant part, that he consulted with the defendant about his contentions of error in the entry of the guilty plea. *Id.* ¶ 1. Following a hearing, the trial court denied the motion to withdraw. *Id.* ¶ 4.

¶ 19    On appeal, we held that former Rule 604(d), which *Tousignant* had explained required postplea counsel to certify counsel consulted with a defendant regarding contentions of error in the entry of plea *and* sentence, along with the other requirements, applies equally to both open and negotiated pleas. *Id.* ¶ 12. Relying on *People v. Martell*, 2015 IL App (2d) 141202, ¶ 9, which rejected the proposition that *Tousignant* applied only to open pleas, we found "*Tousignant* and the rule's language are not limited to open pleas, and if our supreme court intends that it be so limited, it will say so explicitly." *Gillespie*, 2017 IL App (1st) 152351, ¶ 12. We also noted the rule's purpose, which was an attorney's duty to consult with his or her client, regardless of whether the consultation affects the content of the motion. *Id.* Regarding the State's contention that if the plea is negotiated, counsel will not be able to challenge the sentence through a written motion, we recognized that Rule 604(d) "focuses on the attorney's duty to consult with his or her client, and that consultation has value even if it does not ultimately affect the content of the motion" and there still exists a "concern that a fully negotiated plea might include an improper sentence is real." *Id.*; see *Martell*, 2015 IL App (2d) 141202, ¶ 9.

¶ 20    In addressing the State's argument, neither party pointed to cases in which the Third District found that postplea counsel's failure to certify that he examined the report of proceedings of the sentencing hearing does not render the Rule 604(d) certificate noncompliant. See *People v. Stefanski*, 2019 IL App (3d) 160140, ¶¶ 22-25; *People v. Jackson*, 2018 IL App (3d) 170125, ¶ 49. In both cases, the reviewing courts found that, because the defendant entered into a negotiated plea of guilty, there was no sentencing hearing and, instead, the trial court accepted the defendant's

guilty plea and sentenced him to the agreed-upon sentence. *Stefanski*, 2019 IL App (3d) 160140, ¶ 23; *Jackson*, 2018 IL App (3d) 170125, ¶ 49. "Thus, by certifying that she had reviewed the report of proceedings of the plea of guilty, counsel also certified that she had reviewed the transcript of the court's discussion of defendant's sentence." *Jackson*, 2018 IL App (3d) 170125, ¶ 49. However, the facts in the instant case are distinguishable where postplea counsel not only failed to certify that she examined the report of the proceedings of the sentencing hearing, but counsel also failed to certify that she consulted with defendant to ascertain defendant's contentions of error as to his sentence.

¶ 21 Accordingly, we follow *Gillespie* and reject the State's argument that the Rule 604(d) requirement that postplea counsel certify that counsel consulted with the defendant regarding the entry of the plea of guilty and sentence applies only to open pleas. Postplea counsel did not file a substantively compliant certificate. A second remand to the trial court for *de novo* postplea proceedings and compliance with Rule 604(d) is thus necessary. See *People v. Hagerstrom*, 2016 IL App (3d) 140559, ¶ 13 (finding that a second remand for compliance with Rule 604(d) admonishments is permissible).

¶ 22                                                   CONCLUSION

¶ 23 We vacate the trial court's judgment denying defendant's motion to withdraw his guilty plea and remand for (1) the filing of a new postplea motion (if defendant so wishes), (2) a new hearing on defendant's postplea motion, and (3) compliance with the requirements of Rule 604(d).

¶ 24 Vacated and remanded.

### *People v. Taylor*, 2023 IL App (1st) 171631

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 11-CR-19367; the Hon. Alfredo Maldonado, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, Manuel S. Serritos, and Linda Olthoff, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Douglas P. Harvath, Janet C. Mahoney, and David H. Iskowich, Assistant State's Attorneys, of counsel), for the People. |